(No. 41873.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee and Appellant, v. CHARLES THOMAS, Appellant and Appellee.

*Opinion filed January 14, 1972.—Rehearing denied March 28, 1972.*

WARD, J., took no part.

LAEL F. JOHNSON and BURTON T. WITT, both of Chicago, appointed by the court, for appellant and appellee.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and BRENT F. CARLSON, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal by the People and by the defendant from judgments entered by the circuit court of Cook County following a hearing on defendant's petition for a post-conviction hearing. (Ill.Rev.Stat. 1967, ch. 38, par. 122—1 *et seq.*) The nature of the judgments appealed from will be discussed later.

In 1961 defendant was indicted for the February 16, 1961, rape and robbery of Doxanna Dyer, and for the April 12, 1961, rape and robbery of Lillie Nix. At his arraignment on May 22, 1961, defendant pleaded not guilty to all four indictments and a public defender was appointed to represent him. On June 15, 1961, defendant withdrew his pleas of not guilty and pleaded guilty to the four indictments. He was sentenced to 35 years in the penitentiary on each rape conviction and from 1 to 10 years in the penitentiary on each robbery conviction. It was ordered that all sentences run concurrently.

The defendant *pro se* appealed his convictions to this court alleging that his counsel was incompetent, that his pleas were improperly accepted and that his right to due process of law had been violated. The appeal was based on the common-law record and this court affirmed the convictions. *People v. Thomas, 27 Ill.2d 331.*

On March 23, 1965, the defendant filed *pro se* a post-conviction petition alleging inadequate representation by counsel and that his pleas of guilty were not voluntarily entered, along with other alleged constitutional violations. On motion of the State's Attorney this petition was dismissed without a hearing and the defendant again appealed. This court reversed and remanded to the trial court for a hearing on the post-conviction petition. *People v. Thomas, 38 Ill.2d 321.*

On remand a hearing was conducted in the circuit court of Cook County, following which the court denied the defendant's prayer for relief as to his convictions for the robbery of Doxanna Dyer and for the robbery of Lillie

Nix but granted the defendant's prayer for relief and ordered new trials as to the indictments charging the February 16, 1961, rape of Doxanna Dyer and the April 12, 1961, rape of Lillie Nix. The People appealed from the court's orders concerning the rape indictments (Ill.Rev. Stat. 1967, ch. 38, par. 122–7; *People v. Hryciuk, 5 Ill.2d 176; People v. Joyce, 1 Ill.2d 225*) and the defendant has appealed from the judgments concerning the robbery indictments. Since the defendant was represented by the same counsel as to all four indictments and the guilty pleas were entered as to these indictments before the same judge at the same time, both the People and the defendant contend that the orders entered are inconsistent. Therefore, the People ask this court to affirm the robbery convictions and to reverse the orders concerning the rape convictions; whereas the defendant asks this court to affirm the orders concerning the rape convictions and to reverse the robbery convictions.

In reviewing the decisions of the trial court, we are governed by the established law that a post-conviction hearing is civil in nature and that the defendant has the burden of proving that he was deprived of a substantial constitutional right. In such a hearing the credibility of the testimony is a matter for the trial judge to determine and his determination and finding will be upheld unless something appears to show the same to be manifestly erroneous. *People v. Stone, 45 Ill.2d 100; People v. Alden, 15 Ill.2d 498.*

The court in rendering its decision stated: "The allegations and matters raised boil down to the fact as to whether or not defendant had effective counsel in his original trial proceeding." The court then found that as to the two robbery convictions the defendant had failed to sustain his burden of proof but as to the two rape convictions he did sustain his burden of proof. The basis of the court's decision in all four cases rested on the question

of whether the defendant had been denied effective assistance of counsel. We are bound by the court's determinations of these points unless the same were manifestly erroneous. *People v. Caise, 38 Ill.2d 486.*

After the defendant had pleaded guilty, and before sentencing it was stipulated that Doxanna Dyer if called to testify would state that on February 16, 1961, she boarded a bus at 79th Street and she saw the defendant also board the bus. When she got off the bus at 96th Street defendant did likewise. This was about 10:35 P.M. After walking a short distance the defendant then put a knife to her throat and ordered her into an alley. He there took her wedding ring from her and also took from her purse $2 and a .22 caliber pearl-handled revolver. The defendant then caused her to submit to an act of intercourse. Following the occurrence she ran home, told her husband and was taken to the hospital. Later the same night she related the story to a police officer. On April 26, 1961, at about 11:20 P.M. she again boarded a bus at the same bus station as before. She again saw the defendant get on the same bus. She again got off the bus at 96th Street. Defendant alighted at 97th Street. She ran down the middle of the street a short distance where she was met by her husband in an automobile. She got into the car and they drove to 97th Street where they saw the defendant. Her husband got out of the car and shortly thereafter shot the defendant in the thigh. The police were called and the defendant was taken to the hospital.

It was also stipulated that Officer O'Brien would testify that on April 26, 1961, he took the defendant to the hospital after he had been shot. While in the emergency room the defendant asked to go to the washroom and as he started to do so his hat which had not previously been removed fell off and the .22 caliber pearl-handled revolver which had been taken from Mrs. Dyer's purse on February 16 fell from under the defendant's hat and the officer recovered the same.

The defendant admitted that he had intercourse with Doxanna Dyer but contends that he paid her for her services.

At the same proceeding, it was also stipulated that if called to testify Lillie Nix would state that on April 12, 1961, at approximately 10 P.M. she alighted from a bus at 75th Street in Chicago. As she walked toward her home the defendant approached her and placed a small nickel-plated revolver in her left side and ordered her to walk into an alley where he forced her to submit to an act of sexual intercourse, following which he took $6 from her purse. Immediately thereafter she called the police. On April 27, 1961, she was taken to the Cook County Hospital where she identified the defendant.

The defendant denied having had intercourse with her. He further stated that when she was brought to the hospital to identify him she could not do so and that she then departed. Shortly thereafter she was again brought into his room at the hospital where she identified him as being the one who attacked her.

It is defendant's contention that his court-appointed counsel did not make an investigation as to the charges against him and could not therefore offer an informed opinion as to what plea should be entered. Nonetheless counsel urged defendant to plead guilty. Although counsel did not interview any witnesses prior to the date of trial nor conduct an independent investigation, he did have the opportunity to examine the State's Attorney's files concerning these cases and to learn therefrom the nature of the evidence against the defendant which the People had and would present at a trial.

The defendant now contends that some employees of the hospital were present in his hospital room when Mrs. Nix was brought to his room to identify him. He now insists that if his attorney would have thoroughly investigated his case, the witnesses may have been located and their testimony may have been favorable to the defendant.

However, at the post-conviction hearing the attorney who represented the defendant at the time of his guilty pleas testified that the defendant never told him of any possible witnesses. On the questionnaire which the defendant filled out after counsel had been appointed to represent him and prior to his interview with his court-appointed counsel, the defendant stated that he had no witnesses. On the interview report which counsel prepared during his conference with the defendant, counsel noted that one complainant had difficulty in identifying the defendant at the hospital but made no mention of any witnesses. In fact, the report indicates that there were no witnesses to interview or to subpoena. Also, the defendant's mother testified at the post-conviction hearing that her son had always told her he had no witnesses. Although defendant now contends that he told his attorney of the possible witnesses to the hospital identification, the evidence strongly supports a conclusion to the contrary. 

The defendant apparently assumes that a more thorough investigation by his counsel would produce evidence favorable to him. This is pure conjecture. In proving a violation of his constitutional rights the defendant must establish that he suffered a substantial prejudice from the manner in which his counsel conducted his defense. *(People v. Morris, 3 Ill.2d 437; People v. Palmer, 31 Ill.2d 58; People v. Robinson, 33 Ill.2d 391; People v. Alexander, 45 Ill.2d 53.)* A claim of prejudice cannot be based on mere conjecture. *People v. Gonzales, 40 Ill.2d 233.*

The trial court found that the defendant had failed to sustain his burden of proving that his constitutional rights were violated by the lack of adequate representation by counsel insofar as the two robbery charges were concerned. These findings are amply supported by the evidence. As to the determination by the court that the defendant had sustained his burden of proving a violation of his constitutional rights (in this manner) as to the two

rape charges, we hold that this determination was manifestly erroneous. The same evidence which supports the defendant's contention in the robbery charges likewise supports his contention in the rape charges and we find it insufficient to show that his constitutional rights were violated by inadequate representation by counsel.

Defendant states that his pleas of guilty were not voluntary, contending that the total cumulative effect of all circumstances rendered his pleas involuntary. The trial court made no finding on this issue. On a previous appeal to this court *(People v. Thomas, 27 Ill.2d 331)*, it was held that the trial court on accepting the defendant's pleas of guilty had properly and sufficiently admonished him. We have reviewed the evidence relating to the circumstances about which defendant complains and conclude that there were no promises or threats or coercive tactics used by the court or the State's Attorney. Also the fact that counsel may have told the defendant of the possibility of receiving a greater sentence after trial than after a plea of guilty cannot be considered as coercive. *(People v. Granberry, 45 Ill.2d 11.)* We do not think that the defendant has sustained his burden of showing that his pleas of guilty entered after the court had properly admonished him were so influenced by the surrounding circumstances as to render them involuntary.

The orders of the trial court vacating the convictions and sentences of the defendant and ordering new trials as to the charges of rape are reversed. The orders of the court denying the petitions to vacate the judgments and sentences imposed as to the robbery charges are affirmed.

*Affirmed in part and reversed in part.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.