The People of the State of Illinois, Plaintiff-Appellee, *v.* Albert James Love, Defendant-Appellant.

(No. 11378;

Fourth District—April 27, 1972.

*Modified upon denial of rehearing August 28, 1972.*

CRAVEN, J., dissenting.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

## MODIFIED OPINION UPON DENIAL
## OF PETITION FOR REHEARING

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from a sentence of seven to twenty years for manslaughter. This is the third appearance in this court of separate appeals by three of four defendants from a set of circumstances resulting in their indictment for murder arising out of an armed robbery of a victim resulting in his death. One defendant pleaded guilty to murder and was sentenced to a term of thirty to sixty years in the penitentiary. On appeal to this court the case was reversed and remanded on grounds not involved in this proceeding. (*People v. Bradford,* 1 Ill.App.3d 38, 272 N.E.2d 259.) Recently this court filed an opinion in the case of *People v. Freddie Lee Bell* (1972), 4 Ill.App.3d 397, 280 N.E.2d 487. The facts involved here and the incident of the arraignment and plea of guilty are accurately set forth in the majority opinion in *Bell* and need not be here repeated in detail. Bradford pleaded guilty to murder the week before the plea and sentence we now consider.

■■ The defendant Love contends (1) that the nature of the charge to which he pleaded guilty was not adequately explained to him and

(2) the record indicates that the defendant was innocent in that he did not participate in the crime. The first contention on the part of Love is adequately and fully considered and properly disposed of in the majority opinion in the *Bell* case and it needs no further elaboration or justification. On the issue of a proper admonition we follow the views expressed in that case. Likewise we continue to treat the plea and the arraignment of the defendant Love as a negotiated plea as it was understood and practiced prior to the adoption of Supreme Court Rule 402 as amended and effective on September 17, 1970. (Ill. Rev. Stat. 1969, ch. 110A, sec. 402.) The incidents which we discuss here occurred on January 20, 1970.

Following what we have held as a full and complete advice to the defendant of his various rights, the court called upon the State's Attorney for a recommendation as to sentence. He recommended a sentence of seven to twenty years. The court then inquired of defense counsel whether he would like to be heard as to why the court should not accept and adopt that recommendation. His answer was: "No, Your Honor, and if I may, I would like to make a brief statement as to the sentence recommended". The court then stated: "You may because, as you know, I have said how can this be reconciled in view of the sentence imposed on a co-defendant. I am ready to listen to you". This statement of the court referred to the thirty to sixty year sentence imposed upon Bradford the week before. Defense counsel then pointed out that it was Bradford who possessed the gun and carried out the robbery and resulting death of the victim, that the others tried to disassociate themselves from this activity and were without any weapons themselves, that they cooperated fully with the police and their conduct in jail was likewise considerably different than that of Bradford and that their area of responsibility was considerably different than his. He then stated: "It is for this reason that I feel the sentence should be accepted by the Court". The court then imposed the sentence and inquired of each of the three defendants in this language: "In this sentence which has been imposed, is it any heavier, more severe, longer than what anybody, particularly your counsel or State's Attorney may have indicated that you would receive on a plea of guilty? What I'm getting at, has anybody misled you, betrayed you, dumped you, done you dirty as far as this sentence misrepresented than what you were led to think you might get on a plea of guilty * * *." The Court: "And Mr. Love?" Defendant Love: "No, sir". In this context, it would appear that there is no question but that this was a negotiated plea and that both sides fully and completely complied with the agreement made. The murder indictment was then dismissed.

■■ The defendant argues and the dissent in *Bell* adopts the point of

view that from the "total record" in this case there was no factual basis for the acceptance of this plea and that therefore this case should be reversed and remanded. This point of view makes a part of the record in the trial court and apparently before this court some statements made by all the defendants and attached to the State's Attorney's answer to a motion to produce the names of witnesses and documents. These statements were not referred to in open court by anybody, were never offered in evidence and as stated in *Bell* should not have been considered on review for the very simple reason that they have no bearing upon the issue of whether or not this negotiated plea should be implemented by an affirmance of the trial court's decision. It should be here noted that they had been in the possession of defense attorney and the defendant several weeks before this negotiated plea was accepted. It should likewise be further noted that it was apparent early that there was a conflict of interest and apparently of testimony between Bradford and the three remaining defendants because a severance was granted to Bradford and a different attorney appointed. It seems abundantly clear therefore that defense counsel and the dissenting opinion have raised in this court an issue not properly before us and an issue not decided by the trial court. Thus on review to adopt the position of the defendant or of the dissent is to convert this court into a court of original jurisdiction rather than a reviewing court. This we ought not do in a case of this nature unless it is plain error appearing on the record. What is the record properly before us?

■■ The defendant's brief and the dissenting opinion display a disturbing departure from or an unwarranted extension of what constitutes record. A reading of Rule 321 (Ill. Rev. Stat. 1969, ch. 110A, sec. 321), states that the record on appeal shall consist of the judgment appealed from, the notice of appeal, and other parts of the trial court record designated in the praecipe. The trial court record includes any report of proceedings and every other document filed and judgment and order entered in the cause. The minutes of the trial court indicate "People's answer to defendant's motion for list of witnesses produced its confession, et cetera, on file with affidavit of mailing". That answer states "That a copy of the written confession of the defendant, together with a list of witnesses to its making and acknowledgment has heretofore been furnished to the defendant". This was filed on November 18, some two months before the acceptance of the plea and the sentence we here consider. There is nothing to indicate that the so-called "confessions" were ever actually considered by the trial court and so far as this record is concerned they are considered here only in the brief of the defendant and in the dissenting opinion. They were furnished in connection with

a plea of not guilty to a murder charge. That plea of not guilty was withdrawn under the plea agreement, leave to file an information charging manslaughter was granted, the indictment for murder was subsequently dismissed and not a solitary mention of these so-called confessions appears in the consideration of the guilty plea or the imposition of sentence. Likewise both parties waived evidence in mitigation and aggravation, waived the filing of a petition for probation and the defendant's counsel in their presence acquiesced in and requested the court to adopt the State's Attorney's recommendation. In determining whether to accept or not accept the plea of guilty to a specific charge which is a negotiated plea, the court is required to assure himself that there is a factual basis for the plea. The determination of whether or not there is a factual basis for a plea is poles apart from a determination of whether or not after a full-blown trial the evidence will sustain a conviction or establish a defense not made or asserted during the proceedings. It is only in defense counsel's argument to the court as above recited where he states that the defendant's position in the case is that they attempted to withdraw and he believed they did attempt to withdraw from the situation and to disassociate themselves from Mr. Bradford in the action that he took. These statements were made by defense counsel and properly so as a justification for his acquiescence in the recommended sentence of seven to twenty years. Perhaps it was a hard decision for counsel to make in this case. That is not infrequent in criminal cases. Whether a court or a jury would believe that Love and the other two defendants attempted to withdraw is a hard prediction for a counsel to make. Whether he properly exercised his judgment is really not before us for review because there is no charge of his incompetency nor does the record reflect incompetence. There can be no question but what that the exchange of a minimum of seven years for manslaughter in lieu of a minimum of fourteen years for murder and the dismissal of the murder indictment was considered by him and by the State's Attorney and by his counsel as a good bargain. They made it openly and voluntarily. The defendant Love was specifically asked by the trial court after sentence whether or not the sentence given was in any sense different from the one that he expected and he answered a categorical "no". It is likewise quite possible that the record would show that Love did withdraw from an actual murder of the old man, but still participated in an armed robbery as a matter of law or as a matter of fact. Be that as it may, we apprehend that no one would claim that these so-called confessions in the present state of the record could properly be treated by a trial court in support of a conviction or in support of a defense of withdrawal. We do not here consider a situation where either the trial court or this court

582

weighs possible evidence or determines the innocence or guilt of the defendant. A plea of guilty voluntarily made precludes the necessity for proof. In the face of the unanimity of agreement between the State's Attorney, the defense counsel and the defendant, we do not believe that any rule requires the trial court to go beyond this plea agreement honestly and fairly entered into. In our judgment, even though the rule as it then existed did not require the trial court to make a determination that there was a factual basis for the plea, his record shows that there was. And the information filed as well as the plea of guilty establishes just that fact. It appears to us that counsel and the dissenting opinion in *Bell* bring before us and consider matters not properly before this court on appeal and matters never presented or considered for any purpose by the trial court on any issue properly presented here for review. In our adversary system of formulating issues in both the trial and reviewing courts it is not an appropriate function of counsel or of this court to rummage through the waste paper basket or file of the circuit clerk to consider issues not presented or considered in the trial court nor necessary for a proper disposition of a negotiated plea. The judgment of the trial court is therefore affirmed.

Judgment affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN dissenting:

I dissent from the result reached in this case for the reasons expressed in my dissenting opinion in *People v. Bell* (1972), 4 Ill.App.3d 397, 280 N.E.2d 487.