THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SIMON ARNOLD, JR., Defendant-Appellant.

(No. 57957;

First District (2nd Division)—February 19, 1974.

Thomas W. Hunter, of Park Ridge, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant was charged in two separate indictments with the crime of murder in violation of section 9—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 9—1). On October 18, 1971, defendant entered a negotiated plea of guilty to both indictments, the sentences to run concurrently. On appeal, defendant's only argument is that the trial court failed to comply with Supreme Court Rule 402(c) prior to accepting his plea of guilty.

On October 18, 1971, defendant's case was called and both sides answered ready for trial. Defense counsel requested a pretrial conference with the court. The trial judge replied that he had previously held several conferences and in the absence of an agreement between the defense attorney and the assistant State's Attorney, he felt that another conference would not be of any value. After a short recess, defense counsel informed the trial judge that there had been an agreement with the assistant State's Attorney and again requested a conference with the court. The trial court held a pretrial court conference in open court in the defendant's presence. The trial judge indicated that upon a plea of guilty he would sentence the defendant to a term of 20 to 60 years on each indictment, the sentences to run concurrently.

Defense counsel then informed the trial court that the defendant wished to withdraw his previously entered plea of not guilty and enter a plea of guilty to both indictments. The trial court admonished the defendant that by pleading guilty he waived his right to a jury trial. Both indictments were read to defendant, who indicated that he understood the charges. Defendant was informed that upon each indictment he could be sentenced to death or imprisonment for an indeterminate term with a minimum of not less than 14 years and that the sentences

could be concurrent or consecutive. Defendant stated that he understood that by pleading guilty there would not be a trial of any kind, and that on a plea of guilty he was waiving his right to a jury trial and his right to be confronted by the witnesses against him. Defendant stated that he was pleading guilty because he was in fact guilty and that he understood that there had been a conference in which he had participated and been present. Defendant stated that there had been no force or threats or promises to induce him to plead guilty and that he understood that he had a right to persist in his plea of not guilty. After these admonishments, defendant persisted in his plea of guilty, which was then accepted.

The assistant State's Attorney then stated that it would be the testimony of various State's witnesses that on January 10, 1970, a approximately 2:35 P.M., defendant and Curtis Clark entered the building at 1440 W. 14th Street, Chicago, Illinois, for the purpose of defendant's getting money to pay a debt he owed Clark arising from the sale of drugs. While on the eighth floor of that building, defendant shot Clark. Clark then fled up to the eleventh floor where he was pursued by defendant who again shot him several times. At approximately 3:20 P.M., defendant was in the vicinity of 15th Street and Throop Street, Chicago, Illinois. At that time, defendant met Richard Harbour, a friend of Curtis Clark. While Harbour was seated in a car located at that intersection, defendant also shot and killed him. Defense counsel stipulated to the facts as stated by the assistant State's Attorney and also to defendant's written statement; all were made part of the record.

In defendant's written statement which had been given to an assistant State's Attorney, defendant admitted that he shot Clark and Harbour. Defendant stated that on January 10, 1970, he and Clark were on the eighth floor of 1440 W. 14th Street, Chicago, Illinois, when Clark pulled a pistol out of his pocket, at which time defendant pulled his gun and fired, hitting Clark in the chest. As Clark turned and fled, defendant pursued and kept firing at him. Clark ran up the stairway while the defendant was still firing at him. Defendant had fired all five shots in his weapon. Defendant then proceeded up to the eleventh floor where he found Clark lying on the floor. Clark attempted to pull his gun but defendant took possession of Clark's gun and fired two rounds into Clark's head. Defendant then proceeded to 1543 W. 15th Street to get more ammunition for his weapon. Approximately an hour later, defendant was in the vicinity of 15th Street and Racine when he saw Richard Harbour, a friend of Clark's. Harbour was seated in Clark's automobile. At that time, a car came around the corner and someone hollered, "Get

him." Defendant observed something in Richard Harbour's hand and immediately fired from the open window of his car, hitting and killing Richard Harbour.

On appeal, defendant's sole argument is that the trial court failed to comply with Supreme Court Rule 402(c) in that the court did not determine that there was a factual basis prior to accepting his plea of guilty. The gist of defendant's theory is that the facts, as stated by the assistant State's Attorney and in defendant's written statement, fail to demonstrate the prerequisite mental state to commit the crime of murder.

■■ Supreme Court Rule 402(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)) requires the trial judge to determine whether there is a factual basis for the plea before entering final judgment. The rule requires substantial compliance with its terms. (*People v. Krassel,* 12 Ill.App.3d 64, 298 N.E.2d 384; see *People v. Mendoza,* 48 Ill.2d 371, 270 N.E.2d 30.) The quantum of proof necessary to determine if there is a factual basis for the plea is less than that necessary to sustain a conviction after a full trial.

■■ In the case at bar, there had been at least three pretrial conferences at which the trial judge was informed of the facts of each case. At the plea of guilty, each of the two indictments was read to the defendant, who stated that he understood them. Defendant then stated he was entering a plea of guilty because he was in fact guilty of the crimes as stated in the indictments. Prior to entering his plea, defendant knew the exact sentence he would receive upon a plea of guilty. After all of the proper admonishments, the assistant State's Attorney stated that the defendant had shot and killed two people, giving the peoples' names, the addresses, the times and the motives for the shootings. Defendant's written statement to the police, which was also introduced into evidence in which defendant endeavored to show that there was justification for the shootings, is not sufficient to establish a lack of a factual basis. Supreme Court Rule 402(c) does not require that the trial judge be convinced beyond a reasonable doubt that there is a factual basis for each element of the crime charged. In the case at bar, the trial court had sufficient evidence to determine that there was a factual basis for the plea of guilty voluntarily entered by defendant. *People v. Reddick,* 11 Ill.App.3d 492, 297 N.E.2d 360; *People v. Love,* 6 Ill.App.3d 577, 286 N.E.2d 355.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

HAYES, P. J., and LEIGHTON, J., concur.