THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SIMON ARNOLD, JR., Defendant-Appellant.

(No. 60952;

First District (4th Division)—November 26, 1975.

Paul Bradley and Margaret Maxwell, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Marcia B. Orr, and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Simon Arnold, Jr., was indicted on two counts of murder. He pleaded guilty and was sentenced to two concurrent terms of not less than 20, nor more than 60 years. His guilty plea was affirmed in *People v. Arnold* (1974), 18 Ill.App.3d 95, 309 N.E.2d 406. Subsequently, a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, § 122—1 *et seq.*) was filed. A supplemental petition was filed by his attorney. Defendant claims that his court-appointed attorney induced defendant to plead guilty by threatening him with the possibility of a death penalty, by failing to properly evaluate and assert a theory of self-defense, and by playing upon defendant's emotions. The State filed a motion to dismiss the petition and supplemental petition, attaching a transcript of the proceedings at the plea of guilty and a copy of defendant's written statement given to an assistant State's Attorney and made part of the record below. The Circuit Court of Cook County sustained the motion to dismiss the petition and supplemental petition without an evidentiary hearing.

A summary of the facts presented in our previous opinion, *People v. Arnold* (1974), 18 Ill.App.3d 95, 309 N.E.2d 406 follows:

Defendant and Curtis Clark entered a building to obtain the funds for repayment of a debt owed to Clark by defendant. While on the eighth floor of that building, each man drew a gun and fired at the other. Clark was wounded in the chest. As Clark fled, defendant pursued and kept firing at Clark. Defendant then proceeded up to the eleventh floor where he found Clark lying on the floor. Clark attempted to pull his gun but defendant took possession of it and fired two rounds into Clark's head. Approximately one hour later, defendant saw Richard Harbour, a friend of Clark, seated in Clark's automobile. Defendant saw something in Harbour's hand and immediately fired, killing Harbour.

■■ On appeal defendant asserts that the trial court erred in dismissing defendant's post-conviction petition without an evidentiary hearing because the "facts alleged established a violation of his right to competent counsel at trial." The State counters that the defendant was not entitled to an evidentiary hearing since his petition failed to allege facts which established either incompetence of counsel or prejudice resulting therefrom.

■■ Incompetence of counsel is a proper question for consideration in a post-conviction proceeding. (*People v. Savage* (1972), 8 Ill.App.3d

162, 289 N.E.2d 460.) However, in order to entitle a defendant to an evidentiary hearing, his petition alleging incompetence of counsel must contain sufficient facts to show actual incompetence of counsel in carrying out his duties. (*People v. Goerger* (1972), 52 Ill.2d 403, 288 N.E.2d 416.) Furthermore, this incompetence must have resulted in substantial prejudice to the defendant which adversely affected the outcome of the trial (*People v. Logue* (1970), 45 Ill.2d 170, 258 N.E.2d 323.) If the petition fails to so allege, it does not set forth a substantial constitutional claim and thus is not cause for an evidentiary hearing. *People v. Sawyer* (1971), 48 Ill.2d 127, 268 N.E.2d 689.

■■ In this case the State was seeking the death penalty on one of the murder counts. The basis for defendant's claim of self-defense was that he and Clark initially shot at the same time. However, after wounding Clark and taking away Clark's weapon, the defendant shot Clark twice in the head. Defendant later encountered Richard Harbour and, without sufficient provocation, also shot and killed him. We believe that defense counsel in the instant case acted both wisely and in defendant's best interest in arranging a plea negotiation. The facts alleged by petitioner fail to show prejudice to the defendant which adversely affected the final outcome. "A claim of prejudice cannot be based on mere conjecture." (*People v. Thomas* (1972), 51 Ill.2d 39, 44, 280 N.E.2d 433, 436.) Therefore, this court finds an absence of substantial factual allegations which upon defendant's petition could be found sufficient. Finally, it should be noted that the defendant was fully admonished as to the consequences of his plea of guilty. (*People v. Arnold* (1974), 18 Ill.App. 3d 95, 309 N.E.2d 406.) He acknowledged in open court that his plea was made voluntarily, that it was made because he was in fact guilty, and that it was not coerced.

For the foregoing reasons, this court believes that the Circuit Court of Cook County correctly sustained the motion to dismiss the petition without an evidentiary hearing. The order of dismissal is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.