THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH J. BETTICE, Defendant-Appellant.

(No. 74-392; ■■■■■■)

Second District (1st Division)—December 18, 1975.

*Rehearing denied January 28, 1976.*

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Edward .N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant herein was indicted for murder of Walter Horton, Jr., known as Cesar. Upon the agreement of his counsel, the defendant and the State's Attorney, he entered a plea of guilty to an information charging the offense of voluntary manslaughter (Ill. Rev. Stat. 1973, ch. 38, par. 9—2) and was sentenced to a term of 6⅔-20 years to be served in the Illinois State Penitentiary.

On October 29, 1973, Cesar and the defendant exited a car in front of a tavern in Waukegan and went into the tavern. They were met by one George Ostendorf, an argument ensued and defendant was severely beaten up by Ostendorf. Defendant then went to his apartment and took his roommate's gun. His roommate attempted to persuade him not to take the gun but the defendant left with the weapon and went to the YMCA in Waukegan. He then walked up to a man sitting in a chair watching television, who was Cesar, struck him over the head with the gun, fired twice and killed him. The defendant then fled to the roof of

the YMCA where he was arrested by the Waukegan police. The gun was recovered from a downspout located on the roof.

. The first contention of the defendant is that the trial court erred in accepting a plea of guilty to the offense of voluntary manslaughter as there was no factual basis existing for the same, citing Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(c)). Counsel contends that if the defendant is guilty of an offense it is not voluntary manslaughter.

On March 7, 1974, the defendant appeared in court with his counsel and the State's Attorney advised the court that the defendant had been indicted for the offense of murder and that he desired to enter a plea of guilty to the offense of voluntary manslaughter. The State's Attorney indicated to the court that he had prepared such an information charging him with voluntary manslaughter in that, in pertinent part,

> "* * * he did knowingly shoot and kill Walter M. Horton, Jr., also known as Cesar, without lawful justification, while acting under a sudden and intense passion resulting from serious provocation by the said Walter M. Horton, Jr., also known as Cesar, contrary to the former statute in such case made and provided * * *."

The court then questioned the defendant at considerable length to determine the factual basis for his plea. The court further advised the defendant that the incarceration that would be imposed would be left entirely to the discretion of the court. Defendant took the stand and, under oath, admitted that he had struck the victim on the head with the gun and had shot him. The court then accepted the plea of guilty to the charge of voluntary manslaughter and the matter was referred to the probation department for presentence investigation. Probation was subsequently denied.

The gist of defendant's contention, that the court did not determine the factual basis for the plea under the provisions of Rule 402(c), is that the court did not determine that the defendant acted under sudden and intense passion resulting from serious provocation by the decedent.

■■ This issue was raised in *People v. Bell* (1972), 4 Ill.App.3d 397, 280 N.E.2d 487, and in a companion case of *People v. Love* (1972), 6 Ill.App.3d 577, 286 N.E.2d 355. In these two cases, Bell and Love, together with two other defendants, were charged with the murder of one Hobart S. Hostetler committed during the course of an attempted robbery. They were all indicted for murder, and one of the defendants was sentenced to 30-60 years. A few days later the defendant Bell, as well as Love, waived indictment and entered pleas of guilty to an information charging them with voluntary manslaughter. In the *Bell* case, the defen-

dant urged that the trial court, before accepting the plea, did not adequately inform the defendant of the nature of the crime of voluntary manslaughter. The court there held that Bell, together with Love and a third defendant Lynn, had received copies of the information and had indicated their desire to plead guilty to voluntary manslaughter. They had been arraigned on the murder charge. The information charged Bell, Lynn and Love with voluntary manslaughter:

> "* * * in that they, pursuant to a plan to commit the offense of armed robbery, attempted to take money from the person of Hobart Hostetler by threatening the use of force with a gun, and did kill Hostetler during the attempt to commit armed robbery, * * * and that at the time of the killing they were acting under a sudden and intense passion, resulting from serious provocation by the individual killed." (4 Ill.App.3d 397, 400, 280 N.E.2d 487, 490.)

The court observed that the trial court found the pleas to be voluntary and accepted the pleas. The appellate court stated:

> "In determining whether a defendant has been sufficiently admonished and comprehends the nature of the charges against him the 'total record' must be considered. [Citation.] We have examined the 'total record' here, and the context in which it was made, together with the postures of Bell and co-defendants at that particular moment in time." (4 Ill.App.3d 397, 401, 280 N.E.2d 487, 490.)

The court went on to hold:

> "By entering his plea of guilty Bell had bargained for, and received from the People their agreement that he would escape exposure to the possible imposition of a sentence which carried a statutory minimum of 14 years and a maximum entirely within the Court's discretion, or a penalty of death (Ill. Rev. Stat. 1969, ch. 38, par. 9-1(b)), but would, instead, be pleading to an offense prescribing *substantially lesser penalties*, to-wit: a minimum of one year and a maximum of twenty years (Ill. Rev. Stat. 1969, ch. 38, par. 9-2(c))." 4 Ill.App.3d 397, 402, 280 N.E.2d 487, 491.

■■■ Turning then to *People v. Love*, the court indicated that the defendants had recently been charged with murder but had entered a plea to an information charging voluntary manslaughter and stated:

> "There can be no question but what that the exchange of a minimum of seven years for manslaughter in lieu of a minimum of fourteen years for murder and the dismissal of the murder indictment was considered by him and by the State's Attorney and by

his counsel as a good bargain. They made it openly and voluntarily." (6 Ill.App.3d 577, 581, 286 N.E.2d 355, 358.)

The court further stated:

"A plea of guilty voluntarily made precludes the necessity for proof. In the face of the unanimity of agreement between the State's Attorney, the defense counsel and the defendant, we do not believe that any rule requires the trial court to go beyond this plea agreement honestly and fairly entered into. In our judgment, even though the rule as it then existed did not require the trial court to make a determination that there was a factual basis for the plea, his record shows that there was. And the information filed as well as the plea of guilty establishes just that fact." (6 Ill.App.3d 577, 582, 286 N.E.2d 355, 358.)

We find that both the cases of *People v. Bell* and *People v. Love* are dispositive of the case before us and, as the court did in those cases, we find that the defendants herein did bargain for and receive the lesser sentence. We agree with the court in those two cases that Rule 402(c) does not require the trial court to go beyond the plea agreement, honestly and fairly entered into. As stated by the court in *People ex rel. Bassin v. Isreal* (1975), 31 Ill.App.3d 744, 748, 335 N.E.2d 53, 57:

"* * * the petitioner has received the benefit of his bargain and we, therefore, decline to hold that it was error to accord him this benefit."

■■ The next contention of the defendant is that the sentence is excessive. It is interesting to note that the defendants in both of the above cited cases both received sentences of 7-20 years. In a somewhat comparable case of *People v. Quick* (1974), 24 Ill.App.3d 286, 320 N.E.2d 335, defendant received 5-15 years where, as in this case, sentence to be imposed was not a part of the plea agreement. The killing here, as the trial court indicated, was completely senseless and the sentence imposed was not excessive.

We affirm the judgment of the trial court.

Affirm.

SEIDENFELD and HALLETT, JJ., concur.