THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee and Cross-Appellant, v. JAMES M. ANDRETICH, Defendant-Appellant and Cross-Appellee.

Third District   Nos. 3—91—0706, 3—92—0047 cons.

Opinion filed May 14, 1993.

Kenneth A. Grey, of McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet (Gary S. Mueller, of counsel), for James Andretich.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, James M. Andretich, was charged with the theft of a 1979 Mercedes-Benz by deception (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(2)). He entered a blind plea of guilty and was sentenced to serve two years' probation, conditioned upon serving six months of work-release. On July 8, 1991, defendant moved to withdraw his guilty plea on the ground that his plea was based on the advice of trial counsel, and defendant had anticipated that his sentence would be restitution without any jail time. Circuit Judge Thomas Ewert denied defendant's motion, and defendant appealed (docket No. 3—91—0706).

While this appeal was pending, defendant, represented by different counsel, filed a post-conviction petition seeking to have his guilty plea withdrawn due to the lack of a factual basis for the guilty plea and ineffective assistance of trial counsel. Circuit Judge Patricia Schneider heard the petition and granted it, finding that there was no factual basis for defendant's plea. The court, accordingly, set aside the judgment of conviction. The State appealed from the judgment granting post-conviction relief (docket No. 3—92—0047), and the two appeals were consolidated for briefing and consideration in this court.

Before addressing the issues raised by the parties, we deem it appropriate to consider our jurisdiction over the State's appeal. Prior to 1979, our supreme court noted that the State's right to bring appeals from judgments granting post-conviction relief was premised on section 7 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1951, ch. 38, par. 832) (the Act). The court further noted that "the remedy afforded by the Post-Conviction Hearing Act is similar in many of its characteristics to that available by motion *coram nobis* under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1951, ch. 110, par. 196.) *** [W]ith respect to review of *coram nobis* proceedings, it has been observed that 'Since the judgment entered upon such proceeding is final and the proceeding is civil in nature, either the State or the defendant is entitled to a review of the judgment of the court entered on such motion or petition.' *People ex rel. Courtney v. Green*, 355 Ill. 468, 473[, 189 N.E. 500, 502]; *cf. People v. Touhy*, 397 Ill. 19, 26[, 72 N.E.2d 827]." *People v. Joyce* (1953), 1 Ill. 2d 225, 227, 115 N.E.2d

262, 263; see also *People v. Hryciuk* (1954), 5 Ill. 2d 176, 125 N.E.2d 61; *People v. Thomas* (1972), 51 Ill. 2d 39, 280 N.E.2d 433.

At the time *Joyce* was decided, the Act provided for the supreme court's review of "[a]ny final judgment entered upon *** a [post-conviction] petition." (Ill. Rev. Stat. 1951, ch. 38, par. 832.) Subsequent to *Joyce*, Supreme Court Rule 27—1 was adopted. That rule, effective from January 1, 1964, to January 1, 1967, likewise provided for direct appeal to the supreme court of final judgments in post-conviction proceedings. In 1968, Rule 27—1 was replaced by Supreme Court Rule 651, effective January 1, 1967. Section (a) of the rule provided that "[a]n appeal from a final judgment of the circuit court in any post-conviction proceeding lies to the Appellate Court in the district in which the circuit court is located." (58 Ill. 2d R. 651(a).) Section (d) of the rule provided further that procedure for such appeals "shall be in accordance with the rules governing criminal appeals, as near as may be." 58 Ill. 2d R. 651(d).

In *People v. Andson* (1979), 73 Ill. App. 3d 700, 702, 392 N.E.2d 358, 360, the court ruled that, notwithstanding the "procedural" rule in Rule 651(d), the principle of *Joyce* continued to govern the State's "substantive" right of appeal from judgments granting post-conviction relief. Subsequent to the filing of defendant Andson's post-conviction petition in 1974, section 122—7 of the Post-Conviction Hearing Act (formerly section 832) was amended. It now provides that "[a]ny final judgment entered upon *** [a post-conviction] petition shall be reviewed in a manner pursuant to the rules of the Supreme Court." Ill. Rev. Stat. 1991, ch. 38, par. 122—7.

■ Defendant takes the position on appeal that since Supreme Court Rule 604(a) (134 Ill. 2d R. 604(a) (as amended effective Nov. 30, 1972)), which governs State appeals in criminal cases, does not permit the State to appeal from interlocutory rulings which do not effectively result in the dismissal of charges, the State has no right to appeal from the post-conviction judgment in this case. The State counters with the argument that the court's grant of relief on the post-conviction petition is a final judgment on the *civil* matter. Ergo, the argument continues, the State's substantive right to appeal from the trial court's ruling is unaffected by Rule 604(a), which on its face applies to criminal proceedings. We agree.

In our opinion, the application of criminal procedural rules on appeal from final civil proceedings does not detract from the State's substantive right to appeal from the grant of relief on a defendant's post-conviction petition. Accordingly, we hold that this court does have jurisdiction of the State's appeal in this case.

In defendant's appeal from Judge Ewert's ruling denying his motion to withdraw his guilty plea (No. 91—0706), defendant argues: (1) that his right to due process of law was denied by the court's judgment of a conviction for which there was no factual basis to support defendant's plea of guilty; (2) that the court failed to give defendant adequate admonishment as to the consequences of his guilty plea; and (3) that the court erred in accepting defendant's guilty plea because he had a worthy defense to the State's charges. The State responds that defendant waived any contention regarding the sufficiency of the factual basis for his plea; that the trial court's admonishments were adequate; and that the court did not err in accepting defendant's plea even if he had a defense worthy of consideration.

Supreme Court Rule 402 (134 Ill. 2d R. 402) requires that the trial court substantially comply with the conditions as set forth in the rule upon which a guilty plea may be accepted, *i.e.*, that defendant be admonished as to the nature of the charge and the consequences of his plea; that the plea is determined to be voluntary and that there is a factual basis for it; and that the provisions for plea discussions and agreements be complied with.

Defendant asserted in his post-judgment motion to withdraw his plea that he had not been admonished that a period of incarceration could be imposed as a condition of a sentence of probation. The court duly considered defendant's arguments, and on August 12, 1991, the court ruled that it had substantially complied with supreme court rules and that there was a knowing and intelligent waiver of defendant's rights and a voluntary plea of guilty. Accordingly, the court denied defendant's motion to withdraw.

■ Having reviewed the proceedings, we now find no error in the court's August 12 ruling. Defendant's arguments on appeal challenging the trial court's ruling are unrelated to the position he assumed in presenting his motion in the trial court. Those arguments, relating to the factual basis for the plea, the adequacy of admonishments and a worthy defense, were waived for purposes of the motion to withdraw and cannot be revived by asserting them for the first time on review. We therefore affirm Judge Ewert's denial of defendant's motion to withdraw his plea.

In its appeal, the State takes issue with Judge Schneider's judgment granting defendant's petition for post-conviction relief on grounds that issues not raised in defendant's motion before Judge Ewert to withdraw his plea and vacate his conviction also waived those issues for purposes of post-conviction relief before Judge Schneider; that a decision on defendant's appeal of the trial court's

ruling on the motion to withdraw is *res judicata* of all issues which were or could have been raised; and that lack of a factual basis was either a noncognizable basis for granting post-conviction relief or that the factual basis was adequate for purposes of the plea.

It is defendant's burden at a hearing under the Post-Conviction Act to establish a substantial deprivation of rights granted by the United States Constitution or the Constitution of Illinois. On appeal, the trial court's determination will not be disturbed unless it is manifestly erroneous. *People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, 832, citing *People v. Griffin* (1985), 109 Ill. 2d 293, 303, 487 N.E.2d 599; *People v. Moore* (1975), 60 Ill. 2d 379, 384, 327 N.E.2d 324.

■ In presenting defendant's petition for post-conviction relief, defense counsel argued that defendant's constitutional due process rights were violated by Judge Ewert's acceptance of a plea for which a factual basis was lacking. We find, according to the affidavits which defendant submitted with his petition for post-conviction relief, that defendant committed no criminal act in connection with the sale of the vehicle in question. John R. Andretich, defendant's father, stated in his sworn affidavit that he and his wife were co-owners of the Mercedes involved in this case. They asked defendant to sell it for them on consignment. Mark Keith, the complainant, had offered to trade in a 1980 Cadillac toward the purchase price of the Mercedes, which was $10,815.95. John Andretich further averred that he loaned $2,206.81 to Mr. Keith to pay off the balance Keith owed on the Cadillac. According to John Andretich, he had entered into an agreement with Mr. Keith that the transaction for the purchase of the Mercedes would be completed upon Mr. Keith's full repayment of the $2,206.81 loan. When Mr. Keith subsequently refused to make payment in full pursuant to the agreement, John Andretich stopped payments on the Mercedes. John Andretich's lender then repossessed the Mercedes from Mr. Keith.

We note that the affidavits presented to the court in support of defendant's post-conviction petition did not demonstrate any error in Judge Ewert's acceptance of defendant's guilty plea based on the State's original presentation of a factual basis. Nor do they demonstrate error in Judge Ewert's denial of defendant's motion to withdraw. Nonetheless, we believe that the defendant adequately demonstrated a due process deprivation so fundamental that waiver and *res judicata* doctrines cannot prevail.

Moreover, it is apparent from the record and pleadings on appeal that defendant could not have received effective assistance of counsel

in entering his plea. Based on the facts presented in the affidavits, defendant committed no theft. In our opinion, the matters presented by counsel on petition for post-conviction relief manifestly demonstrated that trial counsel inadequately represented defendant and may not have been aware of all sentencing alternatives. But for counsel's deficient performance, defendant would not have pleaded guilty to theft. Accordingly, we find that Judge Schneider's ruling that defendant demonstrated a substantial denial of his right to due process by the lack of a factual basis to support the plea is not manifestly erroneous and should be affirmed.

For the reasons stated, we affirm the judgments of the circuit court of Will County and remand for further proceedings.

Affirmed; cause remanded.

McCUSKEY, P.J., and STOUDER, J., concur.