THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD G. MAURO, Defendant-Appellant.

Second District    No. 2—02—0610

Opinion filed December 14, 2005.

Robert J. Agostinelli and Thomas A. Karalis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Ronald Mauro, appealed the summary dismissal of his postconviction petition filed pursuant to section 122—1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 (West 2000)). In an unpublished order, this court, relying on *People v. Boclair*, 202 Ill. 2d 89, 99 (2002), agreed with defendant that waiver and *res judicata* were improper grounds for summary dismissal of a postconviction petition, and we reversed the dismissal and remanded the cause. *People v. Mauro*, No. 2—02—0610 (October 3, 2003) (unpublished order under Supreme Court Rule 23). However, in the exercise of its supervisory authority, the supreme court directed us to vacate our judgment and reconsider defendant's appeal in light of *People v. Blair*, 215 Ill. 2d 427 (2005). Pursuant to *Blair*, we now affirm the trial court's summary dismissal of defendant's postconviction petition.

Defendant was convicted of armed robbery in 1998 following a jury trial that included testimony from two video store clerks, who testified that defendant showed them his gun (later proved to have been a pellet gun) and demanded money from their cash registers; several police officers, who saw him enter the video store and subsequently flee the scene; and defendant, who admitted to robbing the video store while using a pellet gun. The conviction was affirmed on appeal. *People v. Mauro*, No. 2—00—0022 (April 18, 2001) (unpublished order under Supreme Court Rule 23). On December 26, 2001, defendant filed a postconviction petition in the circuit court of Winnebago County. On March 6, 2002, the trial court summarily dismissed defendant's petition because it found that defendant failed to make a substantial showing that his constitutional rights were violated and because it found that each of the allegations raised by defendant could have been raised in a direct appeal. The trial court later denied defendant's motion to reconsider, and defendant appealed. On appeal, defendant argued that the trial court reviewed his petition under a standard that is inappropriate for the first stage of a postconviction proceeding and that it was improper for the trial court to summarily dismiss his petition based on the doctrines of waiver and *res judicata*. As directed by our supreme court, we now reconsider both issues.

The Act provides a remedy for defendants who have suffered substantial violations of their constitutional rights. *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). Under the Act, a postconviction proceeding not involving the death penalty contains three stages. *Edwards*, 197 Ill. 2d at 244. At the first stage, the trial court must independently review the postconviction petition within 90 days of its filing and determine whether the petition should be dismissed because it is frivolous or is patently without merit. *Edwards*, 197 Ill. 2d at 244, citing 725 ILCS 5/122—2.1(a)(2) (West 1998). To survive the first stage, a petition need state only the gist of a constitutional claim. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). A petition also survives the first stage if the trial court fails to make a finding within 90 days that it is frivolous or without merit, as required under section 122—2.1 of the Act. *People v. Vasquez*, 307 Ill. App. 3d 670, 672-73 (1999).

If the petition survives the first stage, the proceeding moves on to the second stage under the Act, at which point an indigent defendant is appointed counsel. *People v. Greer*, 212 Ill. 2d 192, 203-04 (2004). At the second stage, the defendant's counsel may file an amended postconviction petition and the State may file a motion to dismiss or an answer to the petition. *Gaultney*, 174 Ill. 2d at 418, citing 725 ILCS 5/122—5 (West 1992). If the trial court does not dismiss or deny the

petition, the proceeding advances to the third and final stage, at which the trial court conducts an evidentiary hearing on the defendant's petition. *Gaultney*, 174 Ill. 2d at 418.

As stated, to survive the first stage of a postconviction proceeding, a defendant's petition need present only the gist of a constitutional claim. *People v. Boclair*, 202 Ill. 2d at 99. Thus, defendant is correct that the trial court used the wrong standard in dismissing his petition on the basis that he failed to "make a substantial showing that his constitutional rights were violated." However, because our review of the summary dismissal of a postconviction petition is plenary (*People v. McGhee*, 337 Ill. App. 3d 992, 996 (2003)), we must nevertheless address the question of whether the trial court properly dismissed defendant's postconviction petition at the first stage of the proceeding.

The primary substantive basis that the trial court relied on in summarily dismissing defendant's postconviction petition was that "[e]ach of the allegations raised by defendant regarding the Court and prosecution could have been raised in an appeal and ruled on by the Appellate Court." In *Blair*, the supreme court held that, under the Act, "trial courts may summarily dismiss postconviction petitions [at the first stage] based on both *res judicata* and waiver." *Blair*, 215 Ill. 2d at 442. Despite defendant's arguments militating against the holding in *Blair*, it is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions (*In re R.P.M.*, 113 Ill. App. 3d 376, 379 (1983)), and we must adhere to the supreme court's holding on this issue. Therefore, we hold that the trial court properly dismissed defendant's postconviction petition at the first stage, based on *res judicata* and waiver.

Defendant mentions in his brief that, in his motion to reconsider the trial court's summary dismissal of his petition, he argued that waiver should not apply where it stems from incompetency of trial or appellate counsel, and he pointed out that the trial court "could have allowed [him] leave to amend the petition befor [*sic*] dismissing same." There is no indication in the record that defendant requested leave to amend his petition to include the incompetence claim at any time prior to the filing of his motion to reconsider.

While it is true that waiver or forfeiture will not apply to a post-conviction petition where it stems from the incompetence of counsel (*Blair*, 215 Ill. 2d at 450-51), defendant did not include any claim of incompetence in his postconviction petition, and his request for leave to amend his petition came after the trial court summarily dismissed his petition. A trial court has discretion to allow a defendant to amend a postconviction petition only before a final judgment is entered on the petition. *People v. Watson*, 187 Ill. 2d 448, 452-54 (1999) (Freeman,

C.J., specially concurring), citing 725 ILCS 5/122—5 (West 1996) and 735 ILCS 5/2—616(a) (West 1996); compare 725 ILCS 5/122—5 (West 2000) ("[t]he court may in its discretion make such order as to amendment of the petition \*\*\* as shall be appropriate, just and reasonable and as is generally provided in civil cases") with 735 ILCS 5/2—616(a) (West 2000) (under rules of civil procedure, a plaintiff may seek leave to amend its original pleading prior to entry of final judgment). An order dismissing a defendant's postconviction petition at the first stage under the Act constitutes a final judgment. *Watson*, 187 Ill. 2d at 454 (Freeman, C.J., specially concurring). An order denying a post-judgment motion, on the other hand, "is not itself a judgment, as that word is used in article VI, section 6, of the 1970 Constitution or in Supreme Court Rule 303 [citation], and is not an appealable order." *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981); see also *People v. Andretich*, 244 Ill. App. 3d 558, 560 (1993) (although criminal appeals rules govern the procedure for appeals of postconviction proceedings, rules of civil procedure govern substantive matters, including determination of which rulings are appealable). Therefore, because defendant did not seek leave to amend his petition before the trial court's final judgment summarily dismissing the petition, and because his petition did not contain a claim that any waiver was due to the incompetence of his attorney, we find no error in the trial court's denial of defendant's motion to reconsider.

In reaching our holding, we take note of defendant's compelling argument that "allow[ing] a *pro se* litigant in a non-capital setting who has raised a meritorious claim to have his petition dismissed *sua sponte* by a trial judge on the basis of what are traditionally affirmative defenses, when a routine amendment would have precluded such a dismissal, is certainly not a just result." Defendant's point becomes compelling because, as demonstrated above, neither a motion to reconsider nor an appeal affords a defendant the ability to amend his postconviction petition to avoid its being barred by *res judicata* or waiver, and because, were otherwise potentially meritorious claims to reach the second stage of postconviction review, in which an attorney is appointed to assist an indigent defendant and to file an amended petition, such an attorney would surely amend the petition to state that any waiver stemmed from the incompetence of trial or appellate counsel. However, the supreme court seems to have addressed this concern by pointing out that the constitutional right to counsel does not apply to postconviction proceedings (*Blair*, 215 Ill. 2d at 449) and by further observing that a defendant "has an opportunity to respond to the court's summary dismissal" through the filing of a motion to reconsider and also through appeal (*Blair*, 215 Ill. 2d at 451). Further,

the dissenting opinion in *Blair* raised the points that waiver is an affirmative defense (*Blair*, 215 Ill. 2d at 460 (Freeman, J., dissenting)) and that a *pro se* defendant likely lacks the legal expertise to craft his or her petition in such a way as to avoid waiver (*Blair*, 215 Ill. 2d at 461-62 (Freeman, J., dissenting, joined by McMorrow, C.J., and Kilbride, J.)). The majority rejected these arguments. Therefore, pursuant to supreme court precedent, we must also reject the arguments.

In so doing, we observe that a defendant filing a postconviction petition would be well-advised to include somewhere in his or her petition a sentence stating that any potential forfeiture, waiver, or procedural default of any of the issues raised in the postconviction petition stems from the incompetence or ineffectiveness of trial or appellate counsel.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur.