113 Ill. App.3d 376 (1983)
447 N.E.2d 492
In re R.P.M., a Minor.  (The People of the State of Illinois, Petitioner-Appellee,
v.
R.P.M., Respondent-Appellant.)
No. 82-825.
Illinois Appellate Court  Third District.
Opinion filed March 16, 1983.
*377 Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.
John A. Barra, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.
Order affirmed.
JUSTICE HEIPLE delivered the opinion of the court:
This case arises out of a previous appeal wherein we reversed the revocation of the minor's probation. On appeal to the supreme court, our decision was reversed and the cause remanded to this court for further proceedings. The facts are as follows.
Two petitions to revoke the minor's probation were filed, both of which named as respondents the minor, his natural parents and his stepfather. The petitions erroneously named the minor's legal guardian as the proposed guardian. The only respondent who was formally served with notice of the pending proceedings was the minor's mother. Present at the hearing were the minor, his attorney, his mother, and the minor's probation officer who represented the legal guardian. Not present were the minor's natural father and his stepfather.
On appeal, the minor argued that failure to give notice to himself, his natural father, stepfather and legal guardian deprived the court of jurisdiction. In an unpublished opinion (In re R.P.M. (1982), 104 Ill. App.3d 1212 (Rule 23 order), we held that the failure to notify the minor's noncustodial father and his stepfather was not fatal to jurisdiction. (In re J.W. (1981), 87 Ill.2d 56.) However, we agreed that the lack of notice to the minor and his guardian failed to invoke the court's jurisdiction, and we reversed the lower court.
The supreme court granted leave to appeal and, without elaboration, entered a supervisory order reversing our decision with respect to the issue of jurisdiction, citing In re J.W. (1981), 87 Ill.2d 56. The cause has now been remanded for consideration of two issues we did not reach due to our reversal on jurisdictional grounds.
First, the appellant argues that he is entitled to a new dispositional hearing because the court's decision to commit him to the Department of Corrections was not based solely upon the original conduct for which he had been placed on probation. According to the appellant, the court improperly considered the conduct which constituted a violation of the appellant's probation, and an alleged car theft *378 for which the respondent had not previously been charged.
 1 It is true that a dispositional order should be based on the conduct which initially resulted in a finding of delinquency. Had the court in the instant case completely ignored that conduct and sentenced the appellant in order to punish him for his conduct while on probation, we would not hesitate to order a new dispositional hearing. But that has not happened. In committing the appellant to the Juvenile Department of Corrections, the court made the following statement:
"On the 30th of March of this year, the Court released the Minor and, as I recall, that hearing was similar to this as far as the statements made to it by the Minor. It was talked at that time of the job at Heritage House. So the situation, as far as the Minor is concerned, has remained relatively constant. But then the petitions that bring this matter again to the Court's attention were filed in something just over a week, on April the 8th, from that release. The conduct involved in this matter is as serious, but it adds new light to the information that the Court had available to it on the 30th. And that is it provides an input as to whether or not an outpatient in the treatment program can be successfully established for [R.P.M.] and I think the clear conclusion is that it can't.

The minor is having such difficulty getting a grip on himself to stay in one place long enough that somebody can look at him and focus on the problem and to assist him in solving the problem, and that the treatment can't be properly administered outside a confined situation.
The psychiatrist makes the recommendation that if it can't be done in an outpatient basis, then an inpatient period of treatment should be followed. I don't know whether he was speaking euphemistically  the only secured facility available to this Court where a person is locked up against their [sic] will for purposes of receiving rehabilitative treatment is the Department of Corrections. Every other facility has an element of voluntariness to its confinement.
Clearly, the running that this Minor has done in the past indicates that a secured facility is necessary. For the reason stated, the Court feels compelled to select the Department of Corrections as the appropriate disposition and, clearly, in the Minor's best interest."

The court clearly was not attempting to punish the appellant for his conduct while on probation. The court was simply reassessing appellant's *379 rehabilitative potential in light of the events which transpired after he was placed on probation. The court properly noted that the conduct which was the subject of the revocation hearing occurred less than two weeks after appellant was placed on probation. Such recency reflected poorly on appellant's rehabilitative potential. A circuit court, when imposing its sentence following revocation of probation, is free to consider the probationer's conduct while on probation in order to reassess his rehabilitative potential. That is precisely what the court did in the case before us. Ill. Rev. Stat. 1981, ch. 38, par. 1005-5-3(d); People v. Deskin (1977), 47 Ill. App.3d 328.
While the instant case was being appealed to the supreme court, another case with similar facts was also being argued before that court. (In re R.D.S. (1983), 94 Ill.2d 77.) After the supreme court handed down its supervisory order reversing our decision in the present case, the appellant filed a petition for rehearing, pointing out that In re R.D.S. was a mirror image of this case. The petition was denied.
On January 24, 1983, the supreme court filed an opinion in In re R.D.S. affirming the appellate court's finding that the trial court lacked jurisdiction over the minor. Appellant argues that since the instant case is so factually similar to In re R.D.S., the court should also have found that jurisdiction was lacking in the present case. Because the two cases were decided differently, appellant now asks this court to declare that the supreme court has denied his right to equal protection of the law and to fundamental fairness.
 2 The threshold issue is whether an appellate court can rule that its own State supreme court has violated the constitution in reaching a decision. We find that we have no such authority. It is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions. (Beagley v. Andel (1978), 58 Ill. App.3d 588.) In addition, we believe that the appellant's contention is without merit. Our comparison of In re R.D.S. and the instant case discloses significant distinctions which we will briefly discuss in the interest of clarity.
In both cases, the minor's guardian did not receive formal notice of the pending adjudicatory hearing. However, an employee of the guardian's office was present at the hearing. That is where the similarity ends.
In In re R.D.S., the name of the legal guardian appeared nowhere in the petition. In the present case, the guardian's name was included in the petition, but erroneously labeled as the proposed guardian. In *380 In re R.D.S., although an employee of the guardian's office was present at the hearing, the appellate court specifically found that there was no showing that the legal guardian had de facto notice of the proceeding so as to uphold jurisdiction under the rule set forth in In re J.W. (1981), 87 Ill.2d 56. In the present case, it is reasonably clear from the record that the employee of the guardian's office was appearing on behalf of the guardian and that the legal guardian had de facto notice of the proceeding. Thus, in In re R.D.S., there existed a number of reasons for finding that the lower court lacked jurisdiction which have no application to the case at bar. Therefore, there was nothing arbitrary in the supreme court's finding that the lower court had jurisdiction over the minor in this case.
For these reasons, we affirm the order of the circuit court committing the minor to the Juvenile Department of Corrections.
Affirmed.
BARRY, P.J., and STOUDER, J., concur.