(No. 79451

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SHANDRA NASH *et al.*, Appellees.

*Opinion filed October 18, 1996.*

James Ryan, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Peter D. Fischer, Susan Schierl, Robert Robertson and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon and Timothy Joranko, Assistant Corporation Counsel, of counsel), for intervenor-appellant City of Chicago.

Rita A. Fry, Public Defender, of Chicago (Thomas M.

Donnelly and Dimitri J. Kapetan, Assistant Public Defenders, of counsel), for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Shandra Nash, Richard Fuller, and Michael Johnson were arrested by Chicago police and charged by complaint with violating section 25—1(a)(2) of the Criminal Code of 1961, a subsection of the mob action statute prohibiting "[t]he assembly of 2 or more persons to do an unlawful act." 720 ILCS 5/25—1(a)(2) (West 1992). Following a hearing, the circuit court of Cook County dismissed the complaints, holding that the statute violated the first and fourteenth amendments of the United States Constitution (U.S. Const., amends. I, XIV). The State appealed the dismissal pursuant to Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), and because a statute was declared unconstitutional, the appeal was brought directly to our court (134 Ill. 2d R. 603). We now affirm.

The facts pertinent to this appeal are undisputed. The statutory provision at issue here is the same one declared unconstitutional in 1968 by a three-judge federal district court in *Landry v. Daley*, 280 F. Supp. 938, 955 (N.D. Ill. 1968), a decision which also struck down section 12—6(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1965, ch. 38, par. 12—6(a)(3)), which prohibits the intimidation of a person by threats to "[c]ommit any criminal offense" (*Landry*, 280 F. Supp. at 964). In ruling as it did, the *Landry* court found that subsection (a)(2) of the mob action statute is facially invalid under the first amendment to the United States Constitution (U.S. Const., amend. I) because it is impermissibly vague and overbroad. *Landry*, 280 F. Supp. at 955. The court likewise held that subsection (a)(3) of the intimidation statute was invalid as an overbroad restriction on the first amendment freedom of

speech, although it rejected a vagueness challenge to the law.

Based on this judgment, the federal court entered a decree which "perpetually enjoined and restrained" the State and the City of Chicago from enforcing or bringing prosecutions under subsection (a)(2) of the mob action statute and subsection (a)(3) of the intimidation statute. Although the United States Supreme Court subsequently reversed the lower court's rulings with respect to subsection (a)(3) of the intimidation statute, the court's declaration and injunction invalidating subsection (a)(2) of the mob action statute were not appealed and remained in effect. *Boyle v. Landry*, 401 U.S. 77, 80, 27 L. Ed. 2d 696, 699, 91 S. Ct. 758, 759-60 (1971). Accordingly, when the case was remanded to the federal district court, that court entered an order vacating the injunction "insofar as it relates to the intimidation statute," but specifying that "the said injunction order, in all other respects [is] to stand."

In the 25 years that have followed, the General Assembly has not amended subsection (a)(2) of the mob action statute (now codified as 720 ILCS 5/25—1(a)(2) (West 1992)), nor has the State of Illinois or the City of Chicago attempted to have the federal court's permanent injunction modified, dissolved or set aside on review. Chicago police have nevertheless continued to make arrests and the Cook County State's Attorney has persisted in bringing prosecutions for violation of the law. So it is that Shandra Nash, Michael Johnson and Richard Fuller came to be named as criminal defendants in the case before us today.

The record shows that on April 19, 1995, a group of Chicago police officers went to 1630 West Albion after allegedly receiving "numerous complaints of gang and narcotic activity at [that] address, as well as intimidation of the area citizens." Police reports indicate that

the officers found Nash, Johnson and Fuller at the West Albion address and arrested them there because "with other admitted members of the Black P Stone Nation street gang," they blocked "the sidewalk impeding the normal flow of pedestrian traffic causing area citizens to be alarmed."

Nash, Johnson and Fuller were subsequently charged in separate, but identically worded, complaints with having violated subsection (a)(2) of the mob action statute (720 ILCS 5/25—1(a)(2) (West 1992)). Although that statute prohibits "[t]he assembly of 2 or more persons to do an unlawful act," the complaints alleged that defendants were actually guilty of having "knowingly by the use of intimidation, disturbed the public peace." The factual predicate for this charge, according to the complaints, was "that while acting with others and without the authority of law, [defendants] blocked the sidewalk in an apparant [sic] attempt to sell drugs and promote gang activity."

Following their arrests, defendants were released on bond and ordered to appear in court on June 14, 1995, to answer these charges. At the June 14 hearing, the circuit court appointed the public defender to represent the defendants. The State advised the court that it considered the charges viable as written, that it did not intend to amend the complaints, and that it was ready to proceed. On the defendants' motion, the circuit court then dismissed the charges against each defendant. The basis for its decision was that subsection (a)(2) of the mob action statute was vague and overbroad in violation of the first and fourteenth amendments to the United States Constitution (U.S. Const., amends. I, XIV).

Because the statute was declared invalid, the State appealed directly to our court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603). Defendants moved to dismiss the appeal on the grounds that it was barred by

the federal injunction entered in *Landry* permanently enjoining the State and the City from enforcing the law. The State responded by arguing that *Landry* should not prevent this court from reviewing the constitutionality of the statute because that decision is based on principles that are no longer good law; these defendants have no right to invoke the *Landry* injunction; and even if they do have the right to invoke it, the appropriate remedy is for them to seek relief from the federal courts rather than the courts of Illinois.

While the motion to dismiss was pending, we granted the City of Chicago leave to intervene in support of the State. We subsequently denied the motion to dismiss because we were reluctant to dispose of the case before it had been fully briefed and argued. Those steps have now been completed, and the case is now ready for review.

In support of their claim that we are not obliged to follow *Landry*, the city and the State have cited various authorities, none of which is dispositive. We have concluded, however, that the issue of whether we are bound to honor the federal court's injunction is not necessary to the disposition of this appeal, for there is another, more fundamental obstacle to the State's prosecution of the defendants in this case: the sufficiency of the charging instruments. Even if the injunction was not in effect and did not have to be obeyed, the charges against the defendants would still have to be dismissed because the complaints filed against them by the State are fatally defective under Illinois law.

Our court has held that "[a] defendant has the fundamental right, under both the Federal (U.S. Const., amend. VI) and State constitutions (Ill. Const. 1970, art. I, sec. 8), to be informed of 'the nature and cause' of criminal accusations made against him. In Illinois this general right is given substance by section 111—3 of the

Code of Criminal Procedure of 1963 [725 ILCS 5/111—3 (West 1992)] ***." *People v. Smith*, 99 Ill. 2d 467, 470 (1984). That statute imposes specific pleading requirements for criminal charges, and where the sufficiency of a charging instrument is attacked before trial, as in this case, the charging instrument must strictly comply with those requirements. *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991).

Under section 111—3, the charging instrument must set forth the nature and elements of the offense charged. 725 ILCS 5/111—3(a)(3) (West 1992). Where the statute defining the offense specifies the type of conduct prohibited, this requirement is satisfied if the charging instrument states the offense in the language of the statute. Where, however, the statute does not define or describe the act or acts constituting the offense, a charge couched in the language of the statute is insufficient. The facts which constitute the crime must be specifically set forth. See *People v. Hughes*, 229 Ill. App. 3d 469, 473 (1992).

The State correctly understood that subsection (a)(2) of the mob action statute presents one of those situations where the facts constituting the crime must be specifically set forth. Although the complaining police officer attempted to meet this requirement when he filled out the complaint forms, what he produced is a confusing jumble of allegations insufficient to sustain a prosecution for any offense.

As previously indicated, subsection (a)(2) of the mob action statute prohibits "[t]he assembly of 2 or more persons to do an unlawful act." 720 ILCS 5/25—1(a)(2) (West 1992). The complaints here, however, allege something totally different. They charge that defendants "knowingly by the use of intimidation, disturbed the public peace."

A threshold problem with these allegations is that intimidation and peace disturbance are not the same as

unlawful assembly. Under our criminal code, there is a separate crime of intimidation (720 ILCS 5/12—6 (West 1992)), and to allege that someone knowingly, by use of intimidation, disturbed the public peace suggests the offense of disorderly conduct, which the General Assembly has defined to include situations where a person "knowingly *** [d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26—1(a)(1) (West 1992).

To the extent that the complaints invoke the language of the intimidation and disorderly conduct laws, defendants might well have imagined that they were actually being charged with one of those offenses and that the mob action statute was cited by mistake. There is no dispute, however, that the State had no intention of basing its prosecution on either the intimidation or the disorderly conduct laws, nor did it claim that defendants had conspired (720 ILCS 5/8—2 (West 1992)) or attempted (720 ILCS 5/8—4 (West 1992)) to break those laws. In the trial court, the State was steadfast in its position that it was charging defendants only with violating subsection (a)(2) of the mob action statute and that these complaints were sufficient, as written, to charge that crime.

Aside from this confusion, the allegations that defendants "knowingly by the use of intimidation, disturbed the public peace" are too general. They fail to meet the requirement that the facts constituting the crime must be specifically set forth. Based on those allegations without more, there would be no way to ascertain what defendants did that was supposed to be against the law.

In an effort to identify what it was that defendants had done wrong, the complaining officer did include some additional language. As noted earlier, the basis for the accusation that defendants "knowingly by the use of

intimidation, disturbed the public peace" was "that while acting with others and without the authority of law, [defendants] blocked the sidewalk in an apparant [sic] attempt to sell drugs and promote gang activity."

Although this language may appear to add specificity, it merely creates an additional layer of difficulty for the State's case. By its terms, subsection (a)(2) of the mob action statute is only violated where two or more persons assemble to do an "unlawful act." 720 ILCS 5/25—1(a)(2) (West 1992). The State and city have taken the position that the term "unlawful act" as used in this statute means an act that would violate the Criminal Code of 1961 (720 ILCS 5/1—1 et seq. (West 1992)). Assuming this construction is correct, the State can prevail only if blocking the sidewalk "in an apparant [sic] attempt to sell drugs and promote gang activity" violates some provision of the Criminal Code of 1961 (720 ILCS 5/1—1 et seq. (West 1992)). It does not. The State has not cited and we have not found any section of the Code that would make blocking a public sidewalk a crime under any set of circumstances.

We note, moreover, that while drugs are mentioned, the complaints do not allege that defendants violated any section of the Illinois Controlled Substances Act (720 ILCS 570/100 et seq. (West 1992)). Similarly, despite the reference to gang activity, there is no claim that defendants violated the statute prohibiting use of criminally unlawful means to solicit or cause a person to join a gang (720 ILCS 5/12—6.1 (West 1992)). Indeed, the complaints do not claim that defendants even attempted to engage in conduct involving drugs or gangs. All they mention is an "apparant [sic] attempt to sell drugs and promote gang activity." Apparent attempts cannot be the basis for criminal liability. Otherwise, probable cause to arrest would be all that was necessary to support a conviction. In addition, with respect to the

gang activity, the State cannot punish mere advocacy or forbid, on pain of criminal punishment, assembly with others merely to advocate activity, even if that activity is criminal in nature. *Brandenburg v. Ohio*, 395 U.S. 444, 448-49, 23 L. Ed. 2d 430, 434-35, 89 S. Ct. 1827, 1830 (1969).

Because the complaints thus fail to properly charge a crime, we conclude that they were properly dismissed. Although the circuit court did not rely on this reasoning in entering judgment for the defendants, that is of no consequence. The question before us on review is the correctness of the trial court's result, not the correctness of the reasoning upon which that result was based. *People v. Thompkins*, 121 Ill. 2d 401, 428 (1988). Accordingly, we may affirm for any reason warranted by the record, regardless of the reasons relied on by the trial judge. See *People v. McNair*, 138 Ill. App. 3d 920, 923 (1985).

In light of this disposition, it is unnecessary for us to reach the issue of whether subsection (a)(2) of the mob action statute is constitutional. Although this is a direct appeal under Rule 603 (134 Ill. 2d R. 603), the court will not consider constitutional issues where, as here, the case can be determined on other grounds (*People v. Mitchell*, 155 Ill. 2d 344, 356 (1993)), even though the case initially came before us because a constitutional question was involved (see *People ex rel. Sklodowski v. State of Illinois*, 162 Ill. 2d 117, 131 (1994); *Stigler v. City of Chicago*, 48 Ill. 2d 20, 22 (1971)).

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Affirmed.*