838 N.E.2d 275 (2005)
361 Ill. App.3d 723
297 Ill.Dec. 788
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
Charletta D. WILLIAMS, Defendant-Appellee.
The People of the State of Illinois, Plaintiff-Appellant,
v.
Clarence R. Worley, Defendant-Appellee.
The People of the State of Illinois, Plaintiff-Appellant,
v.
Dennis S. Wilson, Defendant-Appellee.
The People of the State of Illinois, Plaintiff-Appellant,
v.
Toreko L. Ellis, Defendant-Appellee.
The People of the State of Illinois, Plaintiff-Appellant,
v.
Demarai D. Ingram, Defendant-Appellee.
The People of the State of Illinois, Plaintiff-Appellant,
v.
Jonathan L. Kimble, Defendant-Appellee.
Nos. 2-05-0221 to 2-05-0226.
Appellate Court of Illinois, Second District.
November 3, 2005.
*276 Paul A. Logli, Winnebago County State's Attorney, Rockford, Martin P. Moltz, Deputy Director, Gregory L. Slovacek, State's Attorneys Appellate Prosecutor, Elgin, for the People.
G. Joseph Weller, Deputy Defender, and Thomas A. Lilien (Court-appointed), Office of the State Appellate Defender, Elgin, for Charletta D. Williams.
G. Joseph Weller, Deputy Defender (Court-appointed), Office of the State Appellate Defender, Elgin, for Clarence R. Worley, Dennis S. Wilson, Toreko L. Ellis, Demarai D. Ingram, Jonathan L. Kimble.
Presiding Justice O'MALLEY delivered the opinion of the court:
Defendants, Charletta D. Williams (No. 2-05-0221), Clarence R. Worley (No. 2-05-0222), Dennis S. Wilson (No. 2-05-0223), Toreko L. Ellis (No. 2-05-0224), Demarai D. Ingram (No. 2-05-0225), and Jonathan L. Kimble (No. 2-05-0226), were all charged in separate cases with, among other things, mob action in violation of section 25-1(a)(2) of the Criminal Code of 1961 (Code) (720 ILCS 5/25-1(a)(2) (West 2004)). Before the circuit court of Winnebago County, each defendant moved to dismiss the mob action charge on the grounds that, in the case of Landry v. Daley, 280 F.Supp. 938 (N.D.Ill. 1968), rev'd on other grounds sub nom. Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), the United States District Court enjoined the enforcement of subsection 25-1(a)(2), and the injunction was still in effect and precluded the State from prosecuting each defendant for that crime. The trial court granted each defendant's motion, and the State appealed in each case. We consolidated the appeals pursuant to the parties' motions and now affirm the judgments of the circuit court of Winnebago County.
The pertinent facts of each case are similar. Charletta D. Wilson was charged with mob action based on the allegations that she, along with three other women, chased Velma Booker for a number of blocks, and she yelled at Booker while *277 another woman was hitting her. Clarence R. Worley was charged with mob action for joining two or more other persons in order to batter Dianna and Donald Sterbenz. Dennis S. Wilson and Toreko L. Ellis were charged with mob action for assembling with each other to try to attack Sherry Fairchild. Demarai D. Ingram was charged with mob action for assembling with three other persons to batter Miranda Malmkar. Jonathan L. Kimble was charged with mob action for joining with two other persons to punch and kick Ricky Hood. Each defendant filed a motion to dismiss, arguing that the injunction entered in the Landry case was still effective to preclude his or her prosecution. Each defendant relied upon People v. Nance, 189 Ill.2d 142, 244 Ill.Dec. 1, 724 N.E.2d 889 (2000), arguing that our supreme court had precluded the State and the Illinois courts from enforcing section 25-1(a)(2) of the Code. The trial court granted defendants' motions and the State timely appeals pursuant to Supreme Court Rule 604(a)(1) (Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604(a)(1), eff. February 1, 2005).
On appeal, the State contends that Landry is limited to the parties who appeared before the district court, namely, the City of Chicago and the Cook County State's Attorney. The State argues that, because the Winnebago County State's Attorney was not a party to the Landry litigation, the injunction is not applicable to these defendants' cases, due to the reason that, in federal law, an injunction is limited to the parties actually taking part in the matter. Fed.R.Civ.P. 65. In addition, according to the State, the fact that the Winnebago County State's Attorney was not a party to the original Landry case serves to distinguish this case from Nance, in which the supreme court held that the injunction was still in effect, because the City of Chicago and the Cook County State's Attorney were again parties as in the Landry case. As a result, the State urges that Nance does not control our decision here, and we are free to follow the dissent in Nance (Nance, 189 Ill.2d at 149, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.)). Defendants, for their part, argue that the majority opinion in Nance is squarely controlling. As such, defendants urge that we have no choice but to follow the law as set forth by our supreme court. We agree with defendants.
We first consider our standard of review. We agree with the parties that there are no factual disputes and that this case presents solely a question of law. Accordingly, our review is de novo. People v. Mitchell, 353 Ill.App.3d 838, 844, 289 Ill.Dec. 452, 819 N.E.2d 1252 (2004).
We begin our analysis with the pertinent language from the mob action statute and a brief discussion of Landry, as well as the Illinois Supreme Court cases dealing with Landry. The provision of the mob action statute at issue states: "Mob action consists of any of the following: * * * (2) The assembly of 2 or more persons to do an unlawful act." 720 ILCS 5/25-1(a)(2) (West 2004). Landry arose out of a class action brought by African-American citizens who had been prosecuted for violating section 25-1(a)(2) of the Code as a result of participating in a series of demonstrations that took place during 1967 in Chicago. Landry, 280 F.Supp. at 944. The district court determined that section 25-1(a)(2) was unconstitutionally vague and overbroad. Landry, 280 F.Supp. at 955. "Based on this determination, the [district] court `perpetually enjoined and restrained' the State and the City of Chicago from enforcing or bringing prosecutions under the law." Nance, 189 Ill.2d at 144, 244 Ill.Dec. 1, 724 N.E.2d 889, quoting People v. Nash, 173 Ill.2d 423, 426, 220 Ill.Dec. *278 154, 672 N.E.2d 1166 (1996). The United States Supreme Court reversed Landry, but did not disturb the district court's determination that section 25-1(a)(2) was unconstitutional, and thus, the finding of unconstitutionality and the injunction from enforcing section 25-1(a)(2) remained in effect. Boyle v. Landry, 401 U.S. 77, 80, 91 S.Ct. 758, 759-60, 27 L.Ed.2d 696, 699 (1971); Nance, 189 Ill.2d at 145, 244 Ill.Dec. 1, 724 N.E.2d 889. We note, however, that the district court's reasoning has been repudiated by subsequent developments in Illinois law. Specifically, People v. Williams, 133 Ill.2d 449, 454, 141 Ill.Dec. 444, 551 N.E.2d 631 (1990), undermines the propriety of the Landry court's determination that the mob action statute was vague and overbroad.
In People v. Nash, 173 Ill.2d 423, 220 Ill.Dec. 154, 672 N.E.2d 1166 (1996), our supreme court was called upon to resolve a case prosecuted under section 25-1(a)(2). The supreme court noted that the federal injunction was still in place, neither the State nor the City of Chicago had attempted to have the injunction dissolved, and the General Assembly had not amended the provision, yet the Chicago police continued to make arrests and the State continued to bring prosecutions under section 25-1(a)(2). Nash, 173 Ill.2d at 426, 220 Ill.Dec. 154, 672 N.E.2d 1166. The defendants in Nash were prosecuted under section 25-1(a)(2) and the trial court dismissed the charges based on the unconstitutionality of the provision. Nash, 173 Ill.2d at 427, 220 Ill.Dec. 154, 672 N.E.2d 1166. On appeal, the supreme court found that it did not have to consider the continued viability of Landry or the continued effectiveness of the Landry injunction because the charges against the defendants were fatally defective. Nash, 173 Ill.2d at 428, 220 Ill.Dec. 154, 672 N.E.2d 1166. Thus, our supreme court left those questions pending until another day.
That "other day" arrived when the defendant in Nance was arrested by the Chicago police for violating section 25-1(a)(2) and prosecuted by the State. Nance, 189 Ill.2d at 143, 244 Ill.Dec. 1, 724 N.E.2d 889. The trial court dismissed the complaint, holding that section 25-1(a)(2) was unconstitutional, and the State appealed. Nance, 189 Ill.2d at 143, 244 Ill.Dec. 1, 724 N.E.2d 889. Our supreme court, noting that it appeared likely that the State and the City of Chicago would continue to enforce section 25-1(a)(2) despite the existence of the injunction, determined that it had to answer authoritatively the question of whether the injunction was still valid. Nance, 189 Ill.2d at 144, 244 Ill.Dec. 1, 724 N.E.2d 889.
The supreme court summarily rejected the State's contention that Boyle overturned the Landry decision, and it found that the injunction against enforcing section 25-1(a)(2) remained in effect. Nance, 189 Ill.2d at 145, 244 Ill.Dec. 1, 724 N.E.2d 889. The supreme court also rejected the State's argument that, because the view on which the Landry decision was based was no longer sound, the Landry injunction no longer needed to be followed. The court noted that, "[u]nless it has been overturned or modified by orderly processes of review, an injunction must be obeyed, even if it is erroneous." Nance, 189 Ill.2d at 145, 244 Ill.Dec. 1, 724 N.E.2d 889. Based on this principle, the court determined that, if the State and the City of Chicago did not believe that the Landry injunction was valid, then they needed to apply to the district court to modify or dissolve the injunction. Nance, 189 Ill.2d at 145, 244 Ill.Dec. 1, 724 N.E.2d 889. The supreme court held that the Landry injunction remained in effect and that "[t]he State and the City of Chicago ha[d] no valid basis for refusing to honor it." Nance, 189 Ill.2d at 146, 244 Ill.Dec. 1, 724 N.E.2d 889.
*279 The supreme court then turned to the State's remaining arguments. It rejected the contention that the Landry injunction was limited to the particular parties who participated in the Landry case, noting that the Landry court held section 25-1(a)(2) facially unconstitutional, which meant that the provision had "no force and effect upon any person or entity regardless of the specific circumstances." Nance, 189 Ill.2d at 146, 244 Ill.Dec. 1, 724 N.E.2d 889. To accept the State's argument in this regard would have "defeat[ed] the purpose behind overbreadth challenges, which is to protect the first amendment rights of other parties in situations not before the court." Nance, 189 Ill.2d at 146, 244 Ill.Dec. 1, 724 N.E.2d 889.
The supreme court found equally unavailing the State's reliance on the rule that Illinois courts are not bound to follow decisions of a lower federal court. The supreme court found the rule to be inapposite, because the lower federal court's decision in Landry pertained to the same issue as presented in Nance, unlike the usual situation in which the rule applies, where the lower federal court's legal analysis is considered. Nance, 189 Ill.2d at 146-47, 244 Ill.Dec. 1, 724 N.E.2d 889. In other words, it was the preclusive effect of the lower federal court's judgment that controlled the outcome of Nance, and not the lower federal court's interpretation of Illinois law. See Nance, 189 Ill.2d at 146-47, 244 Ill.Dec. 1, 724 N.E.2d 889. The supreme court reached the same result also by referring to principles of comity, noting that where a federal court has declared a statute invalid and enjoined that state's courts from enforcing it, reviewing courts in other jurisdictions have recognized that they too are bound by the federal court's injunction until such time, if any, that the decision is reversed on appellate review, or the injunction is dissolved or modified. Nance, 189 Ill.2d at 147-48, 244 Ill.Dec. 1, 724 N.E.2d 889.
The supreme court concluded that, "[u]ntil the federal courts modify or dissolve the injunction, the courts of Illinois cannot permit the State to prosecute defendants in violation of the injunction's commands." Nance, 189 Ill.2d at 148, 244 Ill.Dec. 1, 724 N.E.2d 889. The supreme court thus determined that the Landry injunction remained in effect and barred prosecutions arising under section 25-1(a)(2) of the Code.
Justice Heiple, joined by Justice Miller, dissented. Nance, 189 Ill.2d at 148, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.). Justice Heiple believed that the Landry injunction should no longer be enforced because it was "an illegitimate federal intrusion into state criminal prosecutions and [was] based on an inaccurate construction of the mob action statute." Nance, 189 Ill.2d at 149, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.). Quoting the United States Supreme Court observations that federal injunctive relief is speculative where a defendant has not been prosecuted or threatened with prosecution (Boyle, 401 U.S. at 81, 91 S.Ct. at 760, 27 L.Ed.2d at 699-700), and that, normally, even a defendant facing a criminal prosecution cannot seek federal injunctive relief, due to the availability of the state court forum in which to challenge the constitutionality of the statute (Younger v. Harris, 401 U.S. 37, 44-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669, 675-76 (1971)), Justice Heiple concluded that the Landry injunction represented an illegitimate federal intrusion into matters of Illinois criminal law. Nance, 189 Ill.2d at 150-51, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.). Further, Justice Heiple believed that it was "highly questionable whether even the federal *280 courts would enforce" the Landry injunction if the plaintiffs in Nance had filed their challenge in federal court. Nance, 189 Ill.2d at 151, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.).
As a further reason not to enforce the Landry injunction, Justice Heiple concluded that Landry was premised on an erroneous construction of the mob action statute. Justice Heiple noted that the Landry court's central determination that the mob action statute was overbroad because the phrase "unlawful act" included regulatory violations, quasi-criminal-ordinance violations, torts, and other civil wrongs (Landry, 280 F.Supp. at 955) had been repudiated when the supreme court had limited the phrase "unlawful act" solely to violations of the criminal code and not to violations of ordinances, violations of regulations, torts, and the like. Nance, 189 Ill.2d at 152, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.), citing People v. Williams, 133 Ill.2d 449, 454, 141 Ill.Dec. 444, 551 N.E.2d 631 (1990). Because the mob action statute was not constitutionally infirm under the prevailing analysis at the time of Nance, Justice Heiple believed that continuing to allow the enforcement of the Landry injunction was untenable. Nance, 189 Ill.2d at 154, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.).
With this background firmly in mind, we now return to the State's contentions on appeal. The State attempts to distinguish the Nance majority on the ground that this case does not involve the same parties as in Nance. In other words, the distinguishing factor, according to the State, is the fact that the Cook County State's Attorney was the State's representative in Nance, while here, it is the Winnebago County State's Attorney that is the State's representative. We do not find this to be sufficient to distinguish Nance. In Nance, the majority stated that "[t]he State and the City of Chicago have no valid basis for refusing to honor" the Landry injunction. (Emphasis added.) Nance, 189 Ill.2d at 146, 244 Ill.Dec. 1, 724 N.E.2d 889. Additionally, the majority stated that "the courts of Illinois cannot permit the State to prosecute defendants in violation of the injunction's commands." (Emphasis added.) Nance, 189 Ill.2d at 148, 244 Ill.Dec. 1, 724 N.E.2d 889. These statements apply to the State without limitation, acting through any of its agents, and not to only the Cook County State's Attorney. The Nance court, therefore, intended its holding to be binding on the State, as well as on the courts of Illinois. Further, the Nance majority rejected the similar contention that, because the parties involved in Nance were not the same as those involved in Landry, the Landry injunction did not apply, reasoning that to accept such an argument "would defeat the purpose behind overbreadth challenges, which is to protect the first amendment rights of other parties in situations not before the court." Nance, 189 Ill.2d at 146, 244 Ill.Dec. 1, 724 N.E.2d 889. Likewise here, if we were to accept the State's reason for distinguishing Nance, it would also defeat the purpose of the original Landry overbreadth challenge, as well as the explicit intent of the Nance majority. Accordingly, we reject the State's contention.
The same result obtains when considered under a hypothetical scenario. If an Illinois court (rather than the federal district court) had held that section 25-1(a)(2) was unconstitutionally overbroad, then any subsequent prosecution under that subsection would properly be subject to dismissal, even if it were brought in a different county. We see no reason (and the State has offered none) as to why the Nance holding should apply only to Cook County and to no other counties in Illinois. To *281 accept the State's argument would create a disjointed patchwork of Illinois law, dependent solely on the fortuity of the location in which the law was sought to be enforced.
The State also attempts to raise an alarm over a speculative flood of litigation sure to erupt if the Landry injunction is upheld here. The State offers nothing to support its argument. Our research shows that only seven cases concerning section 25-1(a)(2) have reached appellate review in the 37 years since Landry. See Nance, 189 Ill.2d 142, 244 Ill.Dec. 1, 724 N.E.2d 889; Nash, 173 Ill.2d 423, 220 Ill.Dec. 154, 672 N.E.2d 1166; People v. Williams, 133 Ill.2d 449, 141 Ill.Dec. 444, 551 N.E.2d 631 (1990); People v. Roldan, 54 Ill.2d 60, 294 N.E.2d 274 (1973); People v. Willis, 235 Ill.App.3d 1060, 176 Ill.Dec. 609, 601 N.E.2d 1307 (1992); People v. Jackson, 235 Ill.App.3d 732, 176 Ill.Dec. 619, 601 N.E.2d 1317 (1992); People v. Montgomery, 179 Ill.App.3d 330, 128 Ill.Dec. 469, 534 N.E.2d 651 (1989). This paucity of reported cases suggests that the continued enforcement of the Landry injunction pursuant to Nance is scarcely the threat to the judicial system the State represents it to be. In view of the lack of support for its contention, as well as the scarcity of reported cases, we reject the State's argument.
The State then proceeds to endorse the reasoning of the Nance dissent. Initially, we note that the Nance majority represents the current state of the law in Illinois regarding section 25-1(a)(2). It is this opinion and no other that we are compelled to follow. See In re R.P.M., 113 Ill.App.3d 376, 379, 69 Ill.Dec. 275, 447 N.E.2d 492 (1983) ("It is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions"). The State has offered no acceptable reason why the majority opinion in Nance is not controlling. Accordingly, we find that Nance squarely controls here and mandates that we affirm the trial court's ruling in each of the cases being appealed here.
That said, however, the Nance dissent is well-reasoned and persuasive. The Nance dissent points out the fact that any court determining the constitutionality of the mob action statute today would likely not find it to be vague and overbroad. In the dissent's view, this undermines the reasoning to continue to honor the injunction under principles of comity. Nance, 189 Ill.2d at 149, 244 Ill.Dec. 1, 724 N.E.2d 889 (Heiple, J., dissenting, joined by Miller, J.). Nevertheless, we are required to follow the command of the Nance majority, because until our supreme court acts to overrule it, we cannot take such action ourselves. R.P.M., 113 Ill.App.3d at 379, 69 Ill.Dec. 275, 447 N.E.2d 492. However, this case presents an opportunity for our supreme court to revisit its holding in Nance or for the State to apply to the district court to modify or dissolve the Landry injunction.
For the foregoing reasons, we affirm the judgments of the circuit court of Winnebago County.
Affirmed.
BOWMAN and HUTCHINSON, JJ., concur.