NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190447-U

NO. 4-19-0447

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| COLE HUBER, | ) | No. 18CF117 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas M. O'Shaughnessy, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held:* (1) The trial court did not err in denying defendant's motion to dismiss the home invasion charge against defendant.

(2) The trial court did not abuse its discretion by denying defendant's challenge to dismiss a juror for cause.

¶ 2     On January 25, 2019, a jury found defendant Cole Huber guilty of home invasion, residential burglary, and two counts of aggravated battery. On April 22, 2019, the trial court sentenced defendant to consecutive prison terms of 25 years for home invasion and 5 years for aggravated battery. Defendant appeals, arguing (1) his home invasion conviction should be dismissed because the indictment failed to state the elements or nature of the offense and (2) the trial court erred by denying defendant's motion to strike a juror for cause. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On March 5, 2018, the State charged defendant by information with home invasion

(720 ILCS 5/19-6(a)(2) (West 2016)), residential burglary (720 ILCS 5/19-3 (West 2016)), aggravated battery with great bodily harm to a person over 60 (720 ILCS 5/12-3.05(a)(4) (West 2016)), and aggravated battery to a person over 60 (720 ILCS 5/12-3.05(d)(1) (West 2016)). The home invasion charge stated:

> "COUNT I—HOME INVASION—CAUSED INJURY, the defendant Cole J.R. Huber on or about the 30th day of July, 2017, not a peace officer acting in the line of duty, without authority, knowingly entered the dwelling place of another, and remained in such dwelling place until he knew or had reason to know that one or more persons was present and intentionally caused any injury upon a person within such dwelling place, Floyd E Martin, in violation of 720 ILCS 5/19-6(a)(2)."

¶ 5    On April 5, 2018, a grand jury indicted defendant for the same conduct. Count I of the indictment charged defendant with home invasion, stating:

> "COUNT I—HOME INVASION—CAUSED INJURY, the defendant Cole J.R. Huber on or about the 30th day of July, 2017, not a peace officer acting in the line of duty, without authority, knowingly entered the dwelling place of another, and remained in such dwelling place until any injury upon a person within such dwelling place, Floyd E Martin, in violation of 720 ILCS he knew or had reason to know that one or more persons was present and intentionally caused 5/19-6(a)(2)."

¶ 6    On January 18, 2019, defendant filed a motion to dismiss the home invasion count of the indictment. According to the motion, "The wording of the indictment is so unintelligible that it cannot be said to have apprised the Defendant of the charge against him or the nature of the charge." At a hearing on January 22, 2019, the trial court heard arguments on defendant's motion. Defendant stood on the arguments made in the motion, and the State argued defendant's argument

was based on a scrivener's error. The State moved to amend the language of the indictment to match the language of the home invasion charge found in the information defendant had previously received. The State also noted another remedy could be a Bill of Particulars. Defendant responded this was not simply a matter of a scrivener's error. Defendant responded the charge was missing substantive allegations and elements of the offense.

¶ 7 When the trial court asked what elements were missing, defendant responded the charge did not include an allegation defendant intentionally caused an injury. The State stood on its earlier argument the count simply contained a scrivener's error and defendant and his defense counsel had been aware of what defendant had been charged with and what the elements of the offense were. In denying defendant's motion to dismiss, the court stated:

"The Court notes that the State filed Information March[ ] 5, 2018, alleging in Count I the offense of Home Invasion—Caused Injury, a Class X Felony. Rather than proceeding to preliminary hearing upon that Information the State chose instead to present the case to a Grand Jury and did so during the month of April 2018. The indictment returned by the Grand Jury, Count I alleges the offense of Home Invasion—Caused Injury. The Court notes that the defendant does have the right to attack the propriety of the charging instrument at any time prior to trial. The Court does note that the defendant participated in an evidence deposition of the alleged victim prior to bringing this motion. The purpose of the charging instrument is to apprise the defendant of the precise offense that he is called upon to defend with enough specificity to allow preparation of his defense. The Court notes that Count I in the indictment as it is—or was filed is apparently the result of inartful cutting and pasting, the lack of proofreading. The Court notes that the

language of the—of Count I specifically identifies the statute which the defendant is called upon to defend against, that being 720 ILCS 5/19-6(a)(2) providing specifically in (a)(2) that the defendant intentionally caused any injury to any persons within the dwelling place. The Court finds that the indictment, specifically Count I is sufficient in that it apprizes [*sic*] the defendant of the offense charged with enough specificity to allow preparation of his defense."

The court then denied defendant's motion.

¶ 8        During the jury selection process, potential juror Gary Farris Jr. indicated his son-in-law was a Kentucky State Trooper. The trial court asked Farris if anything about his relationship with his son-in-law or what his son-in-law had told him about his job would cause Farris not to be a "fair juror." Farris responded, "If it was a police officer I guess it would hold a little bit more weight with me." Later, defense counsel asked Farris, "I believe you said police officers would have more weight to you if they were testifying compared to someone else. Is that fair to say for you?" Farris responded, "Uh-huh." When the State had the chance to question Farris, the following exchange occurred:

> "[THE STATE]: Mr. Farris, I know you've kind of been asked a lot of questions already, but you said that you believed that you would find a police officer more credible. But you also indicated that you would be willing to be fair and impartial in this case. Is that accurate to say?
>
> JUROR FARRIS: (Affirmative nod given.)
>
> [THE STATE]: So you would say even with you saying that you would be able to listen to all the evidence and make the decision based on what you would—
>
> JUROR FARRIS: I think I could, yeah."

Later during the proceeding, defendant moved to have Farris stricken for cause, and the following exchange occurred:

"[DEFENSE COUNSEL]: "[Farris] indicated multiple times that he would give a police officer more credibility or more weight to their testimony. That indicates a bias in favor of essentially finding those witnesses more credible and so I would be asking to remove him for cause.

[THE STATE]: Your Honor, I'm gonna object to that one simply for the fact that I spoke with Mr. Farris after [defense counsel] did and he said he could be fair and impartial and he would be willing to listen to everything. So I think based on that follow-up he would—I would object.

THE COURT: I think Mr. Farris was rehabilitated in that regard and I think his answer was actually was may, there was not a certainty to it in the questioning by Defense Counsel. The motion for cause as to Farris is denied."

Later, when defense counsel was asked whether defendant would accept Farris and three other potential jurors, defense counsel chose to use his final peremptory challenge on someone other than Farris. Defense counsel requested an additional peremptory challenge to use on Farris, which the court denied.

¶ 9    After hearing the evidence in this case, the jury found defendant guilty of all the charges.

¶ 10    On February 21, 2019, defendant filed a motion for a new trial. Among other things, defendant argued the trial court erred by denying (1) his motion to dismiss the home invasion count of the indictment because it did not state an offense and (2) defendant's motion to excuse potential juror Farris for cause.

¶ 11    On April 22, 2019, the trial court sentenced defendant to consecutive sentences of 25 years in prison for home invasion and 5 years in prison for aggravated battery to a person over 60 with credit for 407 days served.

¶ 12    On May 16, 2019, defendant filed a motion to reconsider sentence. On June 25, 2019, the trial court amended defendant's written sentencing order to reflect defendant's sentence for home invasion would be served at 85% and his sentence for aggravated battery would be served at 50%.

¶ 13    This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15                         A. Sufficiency of Indictment

¶ 16    We first address defendant's argument the trial court erred in denying his motion to dismiss the home invasion count of the indictment. We apply a *de novo* standard of review when reviewing the sufficiency of an indictment. *People v. Espinoza*, 2015 IL 118218, ¶ 15, 43 N.E.3d 993. Citing *People v. Nash*, 173 Ill. 2d 423, 429, 672 N.E.2d 1166, 1169 (1996), *People v. DiLorenzo*, 169 Ill. 2d 318, 321-22, 662 N.E.2d 412, 413 (1996), and *People v. Thingvold*, 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91 (1991), defendant argues an indictment must strictly comply with the pleading requirements of section 111-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3 (West 2018)), which states "[a] charge shall be in writing and allege the commission of an offense by *** [s]etting forth the nature and elements of the offense charged." Citing *People v. Cuadrado*, 214 Ill. 2d 79, 87, 824 N.E.2d 214, 219 (2005), defendant contends the trial court should have granted his motion to dismiss the home invasion charge because it did not strictly comply with the statutory pleading requirements. According to defendant:

    "[The] issue here is simple. The constitution and Illinois law required the

State to allege the elements and nature of the charged offense in the indictment. The State failed to do so. The charging instrument did not strictly comply with section 111-3. Cole filed a pretrial motion to dismiss Count I of the indictment, but that motion was erroneously denied. As such, this Court should reverse Cole's home invasion conviction outright."

¶ 17 The State notes defendant was initially charged by information. In the information, the State alleged while "not a peace officer acting in the line of duty, without authority, knowingly entered the dwelling place of another, and remained in such dwelling place until he knew or had reason to know that one or more persons was present and intentionally caused any injury upon a person within such dwelling place, Floyd E. Martin, in violation of 720 ILCS 5/19-6(a)(2)." When the charging language from the information was placed in the indictment, the State noted the phrase "any injury upon a person within such dwelling place, Floyd E Martin, in violation of 720 ILCS" was mistakenly cut from its correct position in the charging language and pasted into a different part of the charging language. According to the State, the mistake made when copying from the information and pasting into the indictment was obvious based on the fact the statutory citation in the charge had been split. The trial court found the home invasion charge in the indictment was sufficient because it apprised defendant of the offense charged with enough specificity to allow him to prepare his defense.

¶ 18 We hold the trial court did not err in denying defendant's motion to dismiss the home invasion charge. Any reasonable person who read the charge as a whole would see the elements of home invasion are included. Defendant was accused of entering the dwelling place of another without authority, remaining in the dwelling until he knew or had reason to know one or more other persons was present, and then intentionally causing an injury to Floyd E. Martin. The

cases defendant cites do not support reversing his home invasion conviction. This is not a situation where the charge did not include the name of the victim or the date of the offense.

¶ 19                                B.  Motion to Strike Juror

¶ 20          Defendant next argues the trial court erred in denying his request to strike prospective juror Farris for cause after his comments regarding the testimony of law enforcement officers. During *voir dire*, Farris agreed he might find a police officer witness more credible simply because he or she was a police officer. However, he also said he thought he could listen to all the evidence and be fair and impartial.

¶ 21          According to defendant, Farris's bias regarding the testimony of law enforcement officers "precluded the possibility that he could weigh the evidence in this case truly impartially." As a result, defendant contends the trial court should have granted his request to dismiss Farris for cause or given him an additional peremptory challenge to use on Farris. Because the court did neither, defendant believes he was denied a fair trial.

¶ 22          A "trial court is granted wide discretion in determining whether to exclude a potential juror for cause based upon that person's *voir dire*." *People v. Terrell*, 185 Ill. 2d 467, 489, 708 N.E.2d 309, 320 (1998). When reviewing the trial court's decision, we consider all of the potential juror's answers and not just selected statements. *Terrell*, 185 Ill. 2d at 489, 708 N.E.2d at 320. "The determination of whether or not the venireperson has the state of mind which will enable him to give to an accused a fair and impartial trial rests in the sound discretion of the trial judge." *People v. Peeples*, 155 Ill. 2d 422, 463, 616 N.E.2d 294, 313 (1993). "[T]he trial court's ruling is entitled to substantial deference because it is in the best position to interpret the meaning of the potential juror's remarks." *Terrell*, 185 Ill. 2d at 489, 708 N.E.2d at 320.

¶ 23          Defendant relies on *Terrell* to support his argument. In *Terrell*, 185 Ill. 2d at 489,

708 N.E.2d at 320-21, our supreme court found a trial court did not abuse its discretion in excluding a potential juror because of his predisposition toward police testimony. When the potential juror in *Terrell* was asked whether he was predisposed to believe a police officer's testimony, he replied, "Well, other than the fact that they're professionals and do this job for a living, I think I'd have a little more belief because of that." *Terrell*, 185 Ill. 2d at 489, 708 N.E.2d at 320. Even though the prospective juror had generally stated he could be fair and impartial, the supreme court held the trial court did not abuse its discretion in excluding the venireperson. *Terrell*, 185 Ill. 2d at 489, 708 N.E.2d at 320-21. The supreme court noted the prospective juror "expressed doubt as to his ability to be impartial regarding police testimony and, thus, was 'not prepared to stand indifferent, and to be guided only by law and the evidence.' " *Terrell*, 185 Ill. 2d at 489, 708 N.E.2d at 320-21 (quoting *Peeples*, 155 Ill. 2d at 463, 616 N.E.2d at 313).

¶ 24          Defendant contends the statements of the prospective juror in *Terrell* are similar to Farris's statements in this case. While the statements have some similarity, we do not interpret *Terrell* to require trial courts to excuse for cause any potential juror who indicates he or she might find the testimony of a police officer more reliable or credible than the testimony of other witnesses. The trial court is in the best position to determine whether a potential juror will be fair and impartial and decide the case based on the evidence presented. Unlike in *Terrell*, the trial court in this case obviously believed Farris would be fair and impartial based on the entirety of his statements during *voir dire* and its opportunity to observe Farris. Based on the record in this case, we hold the trial court did not abuse its discretion by not excusing Farris for cause or by not giving defendant an additional peremptory challenge to use on Farris.

¶ 25                                      III. CONCLUSION

¶ 26          For the reasons stated, we affirm the trial court's judgment.

¶ 27          Affirmed.